Helene MARCUS, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 86, Docket 79–6084.

United States Court of Appeals, Second Circuit.

Argued Sept. 20, 1979.

Decided Dec. 11, 1979.

---

Peter R. Paden, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., and Peter C. Salerno, Asst. U. S. Atty., New York City, on the brief), for defendant-appellee.

Before WATERMAN, FEINBERG and TIMBERS, Circuit Judges.

TIMBERS, Circuit Judge:

This appeal raises the question as to what is the proper standard for evaluating claims under the Social Security Act which involve subjective pain.

Helene Marcus commenced this action in the district court under Section 205(g) of the Social Security Act as amended, 42 U.S.C. § 405(g) (1976), to review a final determination by the Secretary of Health, Education and Welfare ("Secretary") which denied her application for disability insurance benefits. The district court took on submission cross motions for judgment on the pleadings and, in a memorandum and order dated February 23, 1979, granted the Secretary's motion. From the judgment entered on that memorandum and order, Mrs. Marcus ("appellant") has taken this appeal.

### I.

Appellant is a forty-six year old woman who lives in the Bronx with her husband and two children. She was born in France. She completed the eleventh grade in this country. For the first six years after coming to the United States she worked in a laundry. Since then she has been employed as a clerical worker, most recently with the Chemical Bank. Her work at the bank lasted for seven years, until the onset of her alleged disability; her work consisted of typing, filing and other office work. She testified[1] that this job required sitting, standing, and bending on her part.

Appellant claims that she suffers from persistent and intense low back pain. She

Maurice S. Roth, New York City (Marc L. Ames, New York City, on the brief), for plaintiff-appellant.

---

1. All testimony referred to was adduced before an Administrative Law Judge ("ALJ").

testified that because of the constant pain she can sit or stand only for brief periods of time, and when she does sit she must place all her weight on her right side. She further testified that she can walk no more than half a block before the pain becomes unbearable,. that she experiences pain on urination, and that because of the pain she has difficulty sleeping. The pain, she testified, never stops. Her only relief comes when she lies flat on her right side.

Appellant filed an application with the Secretary for disability insurance benefits on April 20, 1976. Her application was denied without a hearing both initially and upon reconsideration. Thereafter a hearing was held on January 13, 1977 by the ALJ. On March 8, 1977 the ALJ found that appellant was not disabled. This decision became the final decision of the Secretary on April 11, 1978 when it was approved by the Appeals Council.

█ In addition to appellant's testimony, a number of medical reports and records were received in evidence before the ALJ and the Appeals Council[2] which documented both appellant's continuous complaints of low back pain and the numerous attempts to diagnose and treat the cause of the pain. A report from appellant's treating physician, Dr. Tindel, indicated that appellant had only a 75% capacity to sit, stand, and walk; he diagnosed her as suffering from back pain, rectal bleeding, and possible Cushings Syndrome (a condition caused by any of several kinds of tumors). A later report by Dr. Tindel stated that appellant suffered from hypertension and osteoporosis of the back (a condition characterized by weak and brittle bones). He concluded that appellant was "unable to work and is permanently disabled."

A report from appellant's second treating physician, Dr. Herbstein, diagnosed her condition as a herniated nucleus pulposis (a ruptured disc), although her spinal X-ray was negative. Dr. Herbstein agreed with Dr. Tindel's conclusion that appellant had only a limited ability to sit, stand, and walk.

Further medical records were introduced from the Albert Einstein Hospital and the Hospital for Special Surgery. At the former, appellant's condition was diagnosed as low back pain and depression; a chest and spine X-ray, however, was negative. At the Hospital for Special Surgery, appellant was shuttled between the Neurology Clinic, the Hip Clinic, and the Back Clinic; the cause of her pain alternately was labeled as musculo-skeletal disease of the left hip, mild low back strain with mild sciatic irritation, and possible trochanteric bursitis. No conclusive diagnosis, however, was made.

At the hearing before the ALJ, Dr. Cohen—a board-certified orthopedist who had reviewed the records in evidence but who never examined appellant—concluded that appellant had osteoporosis and hypertension. In his opinion, however, the myelogram, X-rays, and other medical records did not support the extent of the physical limitations claimed by appellant. He testified that appellant might have some pain caused by osteoporosis, but that she should be able to engage in work that did not require lifting or undue bending.

Other medical records were submitted to and considered by the Appeals Council after the ALJ had ruled against appellant. One such record documented appellant's treatment at Montefiore Hospital, after the hearing, for rectal bleeding and low back syndrome. Clinical tests there proved negative. There also was submitted a report of a psychiatric examination of appellant by a Dr. Schaye. His report stated that appellant was depressed and preoccupied with feelings of hopelessness concerning her illness. In the opinion of Dr. Schaye, appellant was suffering from a psychiatric illness which, together with her chronic physical complaints, rendered her "unsuitable for gainful employment."

---

**2.** In assessing a claim of disability, four factors are to be considered: (1) objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain and disability testified to by the claimant; and (4) the claimant's educational background, age, and work experience. *Bastien v. Califano*, 572 F.2d 908, 912 (2 Cir. 1978); *Gold v. Secretary of HEW*, 463 F.2d 38, 41 n.2 (2 Cir. 1972).

The Appeals Council approved the decision of the ALJ that appellant was not disabled. The decision of the ALJ thus became the final decision of the Secretary. Appellant then commenced this action in the district court for judicial review.

## II.

In the light of these facts and prior proceedings, we turn directly to the critical question presented, namely, what is the proper standard for evaluating claims under the Social Security Act which involve subjective pain.

In providing for judicial review of decisions on disability benefits, 42 U.S.C. § 405(g) requires that factual findings of the Secretary shall be conclusive if supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Levine v. Gardner*, 360 F.2d 727, 729 (2 Cir. 1966). Where evidence has not been properly evaluated because of an erroneous view of the law, however, the determination of the Secretary will not be upheld. *Northcutt v. Califano*, 581 F.2d 164, 167 (8 Cir. 1978); *see Cutler v. Weinberger*, 516 F.2d 1282, 1285–86 (2 Cir. 1975).

It has been established, both in this Circuit and elsewhere, that subjective *pain* may serve as the basis for establishing disability, even if such pain is unaccompanied by positive clinical findings or other "objective" medical evidence, *Ber v. Celebrezze*, 332 F.2d 293 (2 Cir. 1964); *Northcutt v. Califano, supra*, 581 F.2d at 166–67; *Sayers v. Gardner*, 380 F.2d 940, 948 (6 Cir. 1967); *Page v. Celebrezze*, 311 F.2d 757, 762–63 (5 Cir. 1963); *see Cutler v. Weinberger, supra*, 516 F.2d at 1286–87; *Stark v. Weinberger*, 497 F.2d 1092, 1097 (7 Cir. 1974); *Celebrezze v. Warren*, 339 F.2d 833, 837–38 (10 Cir. 1964).[3]

In the instant case, the subjective evidence of appellant's pain, based on her own testimony and the medical reports of examining physicians, is more than ample to establish her disability, if believed. The Secretary does not dispute this.[4] It also is clear, however, that the Secretary is not obliged to accept without question the credibility of such subjective evidence. *Peterson v. Gardner*, 391 F.2d 208, 209 (2 Cir. 1968); *Reyes Robles v. Finch*, 409 F.2d 84, 87 (1 Cir. 1969); *Spicer v. Califano*, 461 F.Supp. 40, 47–48 (N.D.N.Y.1978). The ALJ has discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.

In this case, if the ALJ—after weighing the objective medical evidence in the record, appellant's demeanor, and other indicia of credibility—had decided to discredit appellant's claims of severe, disabling pain, then the decision would be supported by substantial evidence and we would affirm. If, on the other hand, the ALJ in fact did not consider the credibility of appellant's claims of disabling pain, but instead rejected her claims on the ground that objective, clinical findings did not establish a cause for such intense pain, then in our view the Secretary's decision was premised on an erroneous legal standard, and we must reverse. "Disregard of a claimant's subjective complaints of pain . . . is not justified solely because there exists no objective evidence in support of such complaints." *Northcutt v. Califano, supra*, 581 F.2d at 166.

Under the Social Security Act, a claim of disability must be supported by medical evidence of a physical or mental impairment.

---

3. The court in *Page v. Celebrezze, supra*, succinctly stated the prevailing view of the law:

   "If pain is real to the patient and as such results in that person being physically unable to engage in any gainful occupations suited to his training and experience, and this results from 'any medically determinable physical or mental impairment', the disability entitles the person to the statutory benefits even though the cause of such pain cannot be demonstrated by 'objective clinical and laboratory findings.'" 311 F.2d at 762–63.

4. The Secretary concedes that, if appellant's "own testimony regarding the severity and persistence of the pain [were] accepted at face value, there is little doubt that she would be found disabled." Brief for Appellee at 16.

42 U.S.C. § 423(d) (1976). There is no dispute in this case that appellant suffered from pain resulting from a *medical impairment*. The ALJ expressly found that appellant suffered from osteoporosis, with *some* resulting pain. The issue before us concerns the reason why the ALJ (and therefore the Secretary) ignored appellant's claims of *severe*, disabling pain—claims that were supported by appellant's testimony and by diagnoses from treating physicians. We do not suggest that it was not within the province of the ALJ to determine that appellant's claims, in light of negative clinical findings and the opinions of Dr. Cohen, were not believable. But if the ALJ mistakenly believed that the absence of objective, clinical findings of a medical impairment more severe than osteoporosis precluded her from awarding disability benefits based on the other evidence of appellant's disabling pain, then her decision was based on an erroneous legal standard.

We conclude that the ALJ did place undue emphasis on the lack of objective findings in this case. She failed to give proper consideration to the reports by treating physicians and appellant's own testimony which supported a finding of disability. The ALJ stated that

> "in order to merit consideration and a determination of disability as defined under the Social Security Act, an allegation of physical limitations must be medically determinable, i. e. it must be shown that it results from organic dysfunction or other demonstrable causes. . . . In this particular case as indicated the claimant and her allegation of pain, at least to the extent which [she] alleges she has, *is not supported by the clinical findings*." (emphasis added).

5. The ALJ further stated: "Extensive *testing* has been done in regard to just about everything imaginable and none of these *findings* would find her within the purview of disability as defined in the Social Security Act. . . . The decisive fact is a necessary limitation of occupational activity *resulting from the medical impairments*. It cannot be found in the instant case." (emphasis added).

Clinical findings, however, as the authorities cited above hold, are not required to support a determination of severe, disabling pain. The ALJ herself found that appellant suffered from a medical impairment—osteoporosis. This medically-established impairment *alone* would be sufficient to support a finding of disability, even if no further cause of appellant's pain were established by objective, clinical evidence.[5]

The mere fact that osteoporosis ordinarily does not cause severe, disabling pain is *not* a sufficient reason to conclude that it did not cause such pain in the case of appellant. As we stated in *Ber v. Celebrezze, supra*, 332 F.2d at 299:

> "The ultimate question was whether the [claimant's affliction] did, in view of her individual physical and mental makeup, cause pain which became so intensely severe to her that, as she testified, it forced her to quit working. . . . What one human being may be able to tolerate as an uncomfortable but bearable burden may constitute for another human being a degree of pain so unbearable as to subject him to unrelenting misery of the worst sort. . . . [E]ven pain unaccompanied by any objectively observable symptoms which is nevertheless real to the sufferer and so intense as to be disabling will support a claim for disability benefits."

Thus, if other evidence demonstrates that a claimant suffers from severe, disabling back pain, disability benefits may not be denied simply because clinical tests do not "prove" a medically-acceptable cause for such pain.

We therefore reverse and remand this case so that the Secretary may reconsider appellant's application for disability benefits under the standard that a medical

We believe that the record clearly establishes that the ALJ based her decision not on the lack of appellant's credibility, but rather on the erroneous belief that objective findings of an affliction more serious than osteoporosis were necessary to a finding that appellant was disabled.

impairment which results in severe, disabling pain may give rise to a grant of disability benefits even if "objective" clinical findings do not provide proof of an affliction ordinarily causing such pain. If the Secretary should find that the medical reports and appellant's testimony regarding the extent of her pain are credible, then appellant should be granted disability insurance benefits despite the lack of clinical evidence of a medical impairment more severe than osteoporosis.

The Social Security Act is a remedial statute which must be "liberally applied"; its intent is inclusion rather than exclusion. *Cutler v. Weinberger, supra,* 516 F.2d at 1285; *Gold v. Secretary of HEW, supra,* 463 F.2d at 41; *Haberman v. Finch,* 418 F.2d 664, 667 (2 Cir. 1969); *Rosa v. Weinberger,* 381 F.Supp. 377, 379 (E.D.N.Y. 1974). There is strong indication here that appellant improperly was denied relief because of the lack of clinical findings supporting her claims of intense pain, rather than because her claims were not fully credible.[6] It therefore is in keeping with the spirit of the Act as well as the pursuit of individual justice that we remand this case to the Secretary for reconsideration.

Reversed and remanded.

---

6. The district court, in granting the Secretary's motion for judgment on the pleadings, concluded that "[t]he ALJ weighed plaintiff's evidence of pain against the clinical evidence to support a finding that the pain testified to by plaintiff, although real, was not of the severity required to render plaintiff disabled. . . ." We disagree.

As stated above, the record indicates that the ALJ did not merely "weigh" the clinical evidence against the credibility of appellant's claims of pain, but rather proceeded as if the Act prevented her from giving full credence to the evidence of pain because of the lack of clinical support.