Mary FIGUEROA, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of
Health, Education and Welfare,
Defendant.

No. 79 Civ. 4835 (KTD).

United States District Court,
S. D. New York.

April 30, 1980.

Mary Figueroa, pro se.

Robert B. Fiske, Jr., U. S. Atty., S.D.
N.Y., for defendant; Jane E. Bloom, Asst.
U. S. Atty., New York City, of counsel.

OPINION AND ORDER

KEVIN THOMAS DUFFY, District
Judge:

Plaintiff, Mary Figueroa, commenced this
action seeking review of a final determina-
tion of the Secretary of Health, Education
and Welfare denying her application for
disability insurance benefits. The Secre-
tary has now moved, pursuant to Fed.R.
Civ.P. 12(c), for judgment on the pleadings.
Insofar as plaintiff, appearing *pro se*, has
submitted a hand written letter in opposi-
tion to the Secretary's motion, it will be
construed as a cross-motion for judgment
on the pleadings.

Plaintiff is a 54 year old woman with a
limited educational background. She has
worked almost continuously since her arriv-
al in this country in 1947 as a waitress,
cashier, floor girl and garment collector. In
1975, she asserts that she was forced to
leave her job since, as a result of her physi-
cal impairments, she could no longer work
full-time.

There is no question that plaintiff meets
and continues to meet the earning require-
ments of the Social Security Act. Nor is
there any doubt that the plaintiff in fact
suffers from numerous impairments. In-
deed, the Secretary expressly found her to
be suffering from impairments of the mus-
culoskeletal, cardiovascular, dermatological,
auditory and psychic systems. However, he
concluded that these impairments "either
singly or in combination, including the
symptomatology arising therefrom," were
insufficient to support a finding of disabili-
ty.

The Social Security Act, ["the Act"], pro-
vides that a claim of disability must be

supported by medical evidence of a physical or mental impairment. 42 U.S.C. § 423(d). And, in providing for judicial review of a final decision by the Secretary with respect to eligibility for disability benefits, § 405(g) of the Act requires that factual findings of the Secretary shall be conclusive if supported by substantial evidence in the administrative record. *Marcus v. Califano*, 615 F.2d 23, at 29 (2d Cir.1979). *See also Eiden v. HEW*, 616 F.2d 63 (2d Cir.1980).

A review of the medical evidence before the Secretary reveals numerous physical impairments including minimal osteoarthritis of the lumbosacral, bilateral symptomatic varicose veins, hallux valgus (a deviation of the tip of the first toe, or main axis of the toe, toward the outer or lateral side of the foot), sinus bradycardia (a slowness of the heart beat), superficial phlebitis, narrowing of disc space on the spine, supranentricular tachycardia (rapid beating of the heart) and a nervous condition.

In addition to this evidence the plaintiff, not represented by counsel, testified at the administrative hearing. Her testimony, insofar as can be gleaned from the record, appears to be credible and not inconsistent with the medical evidence. In fact, plaintiff exhibited great candor in her testimony. To be sure, she admitted performing such household tasks as making the beds, cooking and washing dishes. In addition, she admitted that she was able to take care of her personal needs including attending church on Sundays. Such in not the type of candor one would expect from an individual attempting to feign a disabling condition.

However, plaintiff did testify that her numerous maladies, enumerated above, caused her severe pain and prevented her from obtaining gainful employment. Indeed, in her own words "who could hire me to perform any kind of work with [these] conditions?"

■ "The Social Security Act is a remedial statute which must be 'liberally applied'; its intent is inclusion rather than exclusion." *Marcus, supra*, at 576. Thus, the fact that the hard medical evidence falls short of categorically establishing a disabling condition does not mandate a denial of benefits. On the contrary, even where there is a total absence of supportive clinical medical evidence, testimony of subjective pain may be sufficient to establish a disability. *Marcus, supra*, at 572.

■ Applying these principles to the case at bar, it is apparent that the record amply supports a finding of a disabling condition. Here there was ample medical evidence of physical as well as mental impairments. And, although each of these maladies was not clinically found to be disabling, plaintiff's testimony of their combined effect upon her physical condition was more than sufficient to support such a conclusion. In fact, there was an absence of any clinical medical evidence with respect to the totality of plaintiff's impairments contrary to a finding of disability. Rather, the Secretary merely concluded that plaintiff's numerous impairments fell short of a disabling condition.

In sum, given the inclusive nature of the Act and the liberality with which it is to be applied, I am unable to find substantial evidence to support the Secretary's finding. On the contrary, the only conclusion supported by the administrative record before me is that plaintiff was suffering from a disabling condition and should have been granted the appropriate benefits under the Act.

Accordingly, defendant's motion for judgment on the pleadings is denied and plaintiff's motion is granted.

IT IS SO ORDERED.