**Joseph VISCARDI, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. 80 CV 1330 (ERN).**

United States District Court, E. D. New York.

Aug. 20, 1982.

---

Charles E. Binder, Hauppauge, N. Y., for plaintiff.

Edward R. Korman, U. S. Atty., E. D. N. Y., Brooklyn, N. Y. by Jo Davis, Asst. U. S. Atty., Brooklyn, N. Y. (Frank V. Smith, III, Regional Atty., and Michael H. Noorigian, Asst. Regional Atty., Dept. of Health & Human Services, New York City, of counsel), for defendant.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

This action is brought under 42 U.S.C. § 405(g) for judicial review of a final determination of the defendant Secretary of Health and Human Services (Secretary) which denied plaintiff's application for a period of disability and Social Security disability insurance benefits. Review of the administrative record convinces the Court that the Secretary's decision denying benefits to plaintiff is not supported by substantial evidence and must be reversed for the reasons noted below.

Plaintiff was 60 years old at the time of his *de novo* hearing before an administrative law judge (ALJ). Tr. 31.[1] He has an eighth grade education and in his last employment from 1948 to November 1965 he operated an extrusion machine for the production of small plastic products. Tr. 32. His insured coverage for disability purposes was last met on June 30, 1970. Tr. 15. The issue in the case is whether he established the existence of a qualifying disability on or prior to that date.

The burden of proving disability is, of course, on the claimant. *Parker v. Harris*, 626 F.2d 225 (2d Cir. 1980). In the Court's opinion there is ample evidence in the record showing that plaintiff met that burden. Indeed, the evidence is so clear that it is difficult to understand the basis for the ALJ's finding that it "does not establish that the claimant had a severe physical or mental impairment" prior to June 30, 1970. Since the Social Security Act "is a remedial statute which must be 'liberally applied,' its intent is inclusion rather than exclusion." *Marcus v. Califano*, 615 F.2d 23, 29 (2d Cir. 1979). Moreover, as was noted in *Richardson v. Perales*, 402 U.S. 389, 399, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971), the proof of disability in a Social Security disability proceeding necessarily "produces a mass of evidence in report form." Its hearsay character alone would

1. References are to pages of the transcript of the administrative record.

not warrant rejection unless it appeared demonstrably unreliable.

The disability claimed in this case is mental disorder continuously existing since on or before 1965 to date. Based upon the extensive clinical summary of the Central Islip State Hospital on Long Island, there can be no question that plaintiff was admitted to that institution on November 24, 1965, suffering from "Schizophrenia, undifferentiated type." Tr. 101, 108. This occurred after months of eccentric behavior on plaintiff's part, including refusal to go to his daily work, lack of communicativeness and other bizarre actions. After some months of care by a private psychiatrist, Dr. Oscar Pelzman, Tr. 140, the family's limited economic resources required resort to a public institution. Except for one unsuccessful attempt to return plaintiff to his family, he remained at the institution until released on "convalescent care" on May 27, 1966, to continue on medications subject to the discretion of the clinic physician. Tr. 105.

Plaintiff's wife testified that after plaintiff's release from Central Islip he continued in a state of depression and unresponsiveness as before, unable to take care of himself or return to work and losing weight. Tr. 47. In March 1970, plaintiff contracted influenza accompanied by an onset of symptoms of exertional dyspnea and other symptomatology. On May 27, 1970, a cardiac catheterization was performed at North Shore Hospital, which revealed that he was suffering from "rheumatic heart disease" and "A-mitral stenosis, severe." Tr. 119–120. This led to plaintiff's further hospitalization in July 1970 in Montefiore Hospital, where open heart surgery was performed. Tr. 109–117.

In addition to the extensive medical reports above mentioned attesting to plaintiff's "significant psychiatric impairment" (to use the ALJ's own description at Tr. 15), three treating doctors submitted letters after the hearing before the ALJ which were before the Secretary's Appeal Council. Tr. 3–4. Fairly read, these letters establish

that plaintiff's disability existed prior to the expiration of his insured period on June 30, 1970, and continued thereafter. Thus Drs. Theodore Fried and Burford K. Welch, who practice together and had jointly treated plaintiff on various occasions during the period 1963 to August 18, 1978, stated in letters that plaintiff's severe depression continued despite the medication prescribed at Central Islip State Hospital and that his "mental condition deteriorated" following the surgery performed in 1970 at Montefiore Hospital. Dr. Fried was of opinion that plaintiff was "totally disabled" and that his condition dated to a time prior to 1970, an "impression" shared by Dr. Welch. Tr. 140, 143.[2] Finally, Dr. Janine Holder, who was plaintiff's treating psychiatrist at the Central Islip outpatient clinic in 1967, examined him on January 18, 1980, and found him to be "in the same chronically deteriorated condition" as when she treated him in 1967. In her opinion, plaintiff is "permanently disabled because of mental illness." Tr. 142.

There can be no question here that plaintiff is under a qualifying disability. The Secretary's listing of impairments recognizes that functional psychotic disorders include schizophrenias, which are disabling when they are manifested by, among other signs, depression, delusions, and autistic or other regressive behavior, and which result in "marked restriction of daily activities and constriction of interests and seriously impaired ability to relate to other people." SSA Regulations No. 4, Subpart P (20 CFR 404), App. I, § 12.03.

No contradictory medical evidence was adduced by the Secretary to rebut plaintiff's evidence of such continuing mental disability from 1965 through the date of his hearing. Consequently, the Secretary is bound by the unanimous opinions of the treating doctors as to the existence and continuity of his ailments from a time when he was covered by Social Security disability insurance until the time of his hearing. See *Aubeuf v. Schweiker*, 649 F.2d 107, 112 (2d Cir. 1981).

---

**2.** Dr. Welch's letter was also before the ALJ. Tr. 58.

1064

Accordingly, the Court finds that the Secretary's decision denying benefits to plaintiff is not supported by substantial evidence and must be reversed.

SO ORDERED.