**Vincent L. MANCUSO, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 85 Civ. 6283 (GLG).**

United States District Court, S.D. New York.

April 30, 1987.

---

DC 37 Municipal Employees Legal Services Plan (Beverly Schlesinger, of counsel), New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty. for S.D. N.Y. (Donna H. Lieberman, Sp. Asst. U.S. Atty., of counsel), New York City, for defendant.

GOETTEL, District Judge.

This plaintiff is seeking review, under 42 U.S.C. § 405(g), of the defendant Secretary's partial denial of his application to amend his earnings records for social security retirement benefits purposes. The parties' cross motions for judgment on the pleadings, brought pursuant to Fed.R. Civ.P. 12(c), were referred to the Hon. Leonard Bernikow, United States Magistrate. Magistrate Bernikow's report recommended that the plaintiff's motion be granted, and that the Secretary's decision be reversed and the matter remanded for further proceedings consistent with the re-

port. The Secretary has filed objections to this report.

BACKGROUND

The material facts are not in dispute. Between 1950 and 1975, the plaintiff worked, intermittently, for New York City ("City"). He retired from the City in 1975 with a total of fifteen years of service, and thereafter worked for five more years at other employment. In 1981, when he was 62, he applied for social security retirement benefits. The plaintiff subsequently received a statement from the Secretary setting forth the Secretary's records of the plaintiff's total earnings over his entire employment history. The plaintiff did not initially contest these records but later determined that they were inaccurate. Specifically, the agency's records did not include any creditable earnings for the years 1957 through 1960, and 1965, and understated the plaintiff's earnings for the years 1961, 1962, and 1967.

The plaintiff brought these deficiencies to the Secretary's attention. As proof of his actual earnings, the plaintiff submitted letters from New York City and its employment retirement system, as well as a copy of his 1967 W–2 form.[1] Although the Secretary allowed the corrections for those years for which his records indicated no earnings at all, he refused to correct his records for the years 1961, 1962, and 1967, for which his records showed at least some earnings. The Administrative Law Judge who heard the plaintiff's administrative appeal concluded that the plaintiff had "failed to offer any proof that his earnings were other than those that were indicated on the 'earnings record,'" for 1961 and 1962,[2] and that the plaintiff's submission of a 1967 W–2 form confirming his earnings proved only that the employer failed to properly withhold social security deductions for his entire wages in that year.

---

1. The plaintiff's 1967 W–2 form indicated that his earnings for that year were $500 greater than the amount shown in the Secretary's records.

2. Because it is clear that proof was offered, we understand this bald statement to mean that the proof offered simply did not comply with the Administrative Law Judge's interpretation of the statute.

## DISCUSSION

The Secretary's rather muddled objections to the magistrate's report fault the magistrate for having relied on impertinent sections of the applicable statute. In fact, the difference between the magistrate's report and the defendant's position largely turns on the correct use of the words "period" and "year" when applying the statute.

The statute in question is 42 U.S.C. § 405, which establishes certain procedures for the determination of the rights of individuals applying for benefits. For our purposes, the pertinent subsection of Section 405 is subsection (c), which pertains to wage records.

█ Subsection (c)(1) defines certain terms contained within subsection (c), including the word "period." "Period" is defined differently according to whether it is used with respect to self-employment income, or with respect to wages. When used in conjunction with self-employment income, "period" means a taxable year. When used in conjunction with wages, "period" means a quarter of a year if the wages in question were reported on a quarterly basis, either on tax returns or on reports filed by a State pursuant to 42 U.S.C. § 418.[3] Because the earnings in question here are wages, rather than self-employment income, and because these wages were reported on a quarterly basis, pursuant to Section 418, "period," for purposes of this case, means a quarter of a year.

The importance of the distinction between self-employment income and wages, and between the consequently different meanings attached to the term "period," lies in the complex evidentiary scheme set out in subsection (c)(4). Under this subsubsection, the Secretary's records are accorded a varying presumption of accuracy when, as here, they are challenged after the expiration of the time limitation set out in subsubsection (c)(1)(B).[4]

Under subsubsection (c)(4), the Secretary's records constitute either conclusive or merely presumptive evidence of an individual's income during a given "period" according to whether the alleged error is an incorrect entry or the absence of any entry at all, and according to whether the error involves self-employment income or wages paid by an employer. If the error in question is an incorrect entry, the Secretary's records are conclusive evidence of wages paid to, or self-employment income derived by, the complainant "during any period" of the year in question. If the error in question is the absence of any entry at all, the Secretary's records constitute only presumptive evidence as to *wages* paid during any *period* in such year, but conclusive evidence as to *self-employment income* derived in such *year*.[5]

Because the earnings in question here are wages, and because the pertinent meaning of "period" here is a quarter of a year, the Secretary's records of the plaintiff's earnings constitute either conclusive or merely presumptive evidence according to whether for the periods (quarters) in

3. New York State entered into an agreement with the Secretary pursuant to 42 U.S.C. § 418. Under this agreement, employees of the state and its political subdivisions, such as New York City, are extended social security retirement benefits in exchange for contributions made by New York to the Secretary of the Treasury. The amount of such contributions is based on the wages paid to its covered employees.

4. The time limitation is three years, three months, and fifteen days. 42 U.S.C. § 405(c)(1)(B).

5. It is understandable that the statute distinguishes between errors of commission and errors of omission. If no entry has been made and the individual can show that he was employed at the time in question, it is more probable than not that the Secretary has erred. On the other hand, it is less likely that the Secretary has erred if the employer has reported wages for the individual and has remitted payments to the Secretary for those periods.

It is also appropriate to distinguish between wages and self-employment income. Although the claims of wage-earners can be confirmed by their employers' reports to the Internal Revenue Service, the claims of self-employed individuals cannot be similarly corroborated. The stricter standard of proof is therefore necessary to protect the government from unverifiable claims. *Hollman v. Department of Health and Human Services,* 696 F.2d 13, 17 (2d Cir.1982).

question here, the Secretary's records reflect any or no earnings. In other words, to the extent the Secretary's records *understate* the plaintiff's earnings for a given quarter they constitute conclusive evidence. However, for those quarters for which the Secretary has no entry at all, his records constitute merely presumptive evidence.

We therefore agree with the magistrate that the Secretary was incorrect to have accorded his records a conclusive presumption of accuracy as to all quarters of 1961, 1962, and 1967, notwithstanding that for certain quarters of those years, his records showed no entries. As to the latter, the Secretary should have accorded his records only an ordinary presumption of accuracy. We further agree that the plaintiff should have been able to overcome this presumption with his evidence, because he was able to do so to correct non-entries for the years 1957 through 1960 and 1965. An opposite result would not appear to be supported by substantial evidence. *See Breeden v. Weinberger*, 493 F.2d 1002, 1007 (4th Cir.1974) (an arbitrary decision or one not justified by a fair estimate of the worth of the evidence is not a decision supported by substantial evidence).

Notwithstanding an individual has sufficient proof to overcome the statutory presumptions set out in subsubsection (c)(4), if the time limit for requesting a change has passed, the Secretary in any event may change his records of an individual's earnings only in certain circumstances. These circumstances, two of which are at issue here, are set forth in subsubsection (c)(5).

In the first instance, subsubsection (c)(5)(H) provides that the Secretary may alter his records "to include wages paid during any period in such year ... if there is an absence of an entry in the Secretary's records" as to such wages. In the Secretary's view, this subsubsection comprehends only that circumstance in which no earnings at all are reported for any part of

a year. In other words, if *some* earnings are reported, for any quarter of the year, the Secretary argues that he may decline to alter his records as to all quarters, notwithstanding that for other quarters, no earnings at all were reported. We disagree. If, as here, the wages in question are reported on a quarterly basis, so that the meaning to be assigned to "period" is a quarter of a year, subsubsection (c)(5)(H) allows the Secretary to alter his records to include any wages paid to the plaintiff in any *quarter* for which the Secretary's records have no entry.

The second circumstance which bears on this case is described in subsubsection (c)(5)(F), which provides that the Secretary may conform his records to wage reports filed by a State pursuant to an agreement under 42 U.S.C. § 418, and to filed federal tax returns or portions thereof.[6] The Secretary argues that the letters from the plaintiff's New York City employers do not constitute the sort of "wage reports filed by a state" which are contemplated by (c)(5)(F). We agree. Although they may be deemed to have been submitted by the state,[7] the letters submitted by the plaintiff are not such reports as are filed pursuant to Section 418. Therefore, although the plaintiff is able to use these letters to amend non-entries, pursuant to (c)(5)(H), they are not a means by which he can challenge positive entries pursuant to (c)(5)(F).

The Secretary also argues that the plaintiff's 1967 W–2 form does not satisfy subsubsection (c)(5)(F), for the reason that it proves nothing more than that there is a disparity between his gross wages and his FICA contributions. The Secretary maintains that the burden is on the wage-earner to monitor his FICA contributions, and that any quarrel arising from a shortfall therein is between the plaintiff and the state. This argument is frivolous. No employee monitors his employer's FICA remittances and

---

6. The plaintiff was unable to submit tax returns for any of the years in issue because by the time he challenged the Secretary's records, his returns had been officially destroyed.

7. Because New York City is a political subdivision of New York State, its wage statements may be treated as state wage statements.

no one should be expected to do so, particularly not civil servants employed by cities or states. The Secretary must look to the state for fulfillment of its obligations to make contributions for covered employees as provided for in 42 U.S.C. § 418(q).

Another issue not addressed in the Secretary's Objections is whether he should have amended his records pursuant to subsubsection (c)(5)(C).[8] This subsubsection allows the Secretary to amend his records after the time limitation "to correct errors apparent on the face of such records...." This means that the Secretary "may correct errors, such as mechanical or clerical errors, which can be identified and corrected without going beyond any of the pertinent SSA records." 20 C.F.R. § 404.822(e)(2) (1979). With this in mind, we note that a "scouting report" completed by the Secretary indicated that the plaintiff's earnings for 1962 may have been greater than indicated in the Secretary's records for that year. Report and Recommendation at 19, n. 4, and 22, n. 14. The Secretary's exploration of such evidence must be particularly conscientious because the lack of counsel[9] may have handicapped the plaintiff's application to the Secretary to amend his records. *Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38, 43 (2d Cir.1972).

CONCLUSION

Factual findings of the Secretary which are supported by substantial evidence may not be disturbed by this Court upon review. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir.1982), *cert. denied*, 459 U.S. 1212, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983). However, if the Secretary's evaluation of the evidence was based on an erroneous legal standard, his determination will not be upheld. *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979).

Because the Secretary's decision was based in part on an erroneous standard of proof, and because he failed to accord proper weight to all of the evidence, his determination cannot be upheld. Therefore, except as indicated above, the magistrate's report is accepted as the Court's, and the matter is remanded to the Secretary for further proceedings consistent with this decision.

SO ORDERED.

---

8. The Secretary's argument that "Section 405(c)(5)(F) is the only provision which applies to plaintiff herein," Defendant's Objections to the Report and Recommendation at 4, suggests that he has not considered the applicability of subsubsection (c)(5)(C).

9. The plaintiff initiated this proceeding *pro se* on July 1, 1985, but has been represented by counsel as of July 2, 1986. Report and Recommendation at 3.