108 F.3d 329
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Rosemary E. KELLY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-6156.
 United States Court of Appeals, Second Circuit.
 Feb. 27, 1997.
 
 1
 APPEARING FOR APPELLANT: Matthew K. Flanagan, New York, N.Y.
 
 
 2
 APPEARING FOR APPELLEE:Susan D. Baird, Asst. U.S. Atty., New York, N.Y.
 
 
 3
 Present: NEWMAN, Chief Judge, McLAUGHLIN, Circuit Judge, OWEN,* District Judge.
 
 
 4
 Rosemary E. Kelly appeals from the April 3, 1996, judgment of the District Court affirming the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under the Social Security Act, 42, U.S.C. § 401 et seq. (the "Act"). Kelly maintains (i) that the Commissioner's decision was not supported by substantial evidence, and (ii) that the decision was based on an improper application of legal standards.
 
 
 5
 On June 25, 1992, Rosemary Kelly applied for disability insurance benefits, alleging that she became disabled some fourteen years earlier, on January 31, 1978. It is not disputed that Kelly had been tentatively diagnosed with multiple sclerosis in 1976. Nor is it disputed that the last date she was insured for disability insurance benefits was March 31, 1982. What is at issue is whether, for purposes of the Act, Kelly became "disabled" by multiple sclerosis on or before the date she was last insured.
 
 
 6
 Kelly's application was denied, initially and upon reconsideration, on the grounds that she was not disabled as of March 31, 1982. After a hearing before an Administrative Law Judge ("ALJ"), the application was again denied, and, upon affirmance by the Appeals Council, that decision became the final decision of the Commissioner. Judge Leisure thereafter affirmed the decision of the Commissioner on the grounds that the denial of insurance was supported by substantial evidence.
 
 
 7
 A person is "disabled" within the meaning of the Act when she is "[unable] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment," 42 U.S.C. § 423(d)(1)(A), and the "impairment [is] of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy," id. § 423(d)(2)(A). It is the disability, and not just the impairment, that must have existed before the person's insured status expired. See Arnone v. Bowen, 882 F.2d 34, 38 (2d Cir.1989).
 
 
 8
 " 'In reviewing district court decisions in disability cases, we undertake our own plenary review of the administrative record to determine whether substantial evidence supports the [Commissioner's] denial of benefits,' " Arnone, 882 F.2d at 37 (citing Havas v. Bowen, 804 F.2d 783, 785 (2d Cir.1986); 42 U.S.C. § 405(g)), and we will not disturb a substantially supported decision unless the decision was the product of legal error, Dumas v. Schweiker, 712 F.2d 1545, 1550 (2d Cir.1983) (citing 42 U.S.C. § 405(g); Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979)). In this context, substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Dumas at 1550 (citation and internal quotation marks omitted).
 
 
 9
 The Commissioner has adopted a sequential five-step procedure for adjudicating disability claims. See 20 C.F.R. § 404.1520; Berry v. Shweiker, 675 F.2d 464, 467 (2d Cir.1982). Only two steps are at issue in this case--the determination of whether appellant had a "listed" impairment, and the determination of whether, despite a severe impairment, the claimant retained the residual capacity to perform her past work.
 
 1. Listed Impairment
 
 10
 To meet the standard of the multiple sclerosis listing as it applies to persons with disorganization of motor function,[1] 20 C.F.R. Part 404, Subpart P, Appendix 1, § 11.09A, a claimant must have a diagnosis of multiple sclerosis with "significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements or gait and station." Id. § 11.04B (emphases added).
 
 
 11
 Appellant contends that the Commissioner applied an incorrect legal standard by focusing exclusively on appellant's impaired ability to walk, and thereby failing to consider the weakness in her hands. The contention, however, is not borne out by the record. The ALJ both considered and rejected the significance of the appellant's complaints of weakness in her hands. The ALJ noted that a physician's records from 1977 suggested that appellant's hand weakness had not been objectively confirmed on an ongoing basis, and instead "might have been present at times of acute exacerbations." See Admin. Rec. at 16. Thus, although appellant was experiencing difficulties with her hands, the disturbance was not documented as being "sustained" and therefore could not satisfy the standard required by the listing.
 
 
 12
 As for appellant's claim that the ALJ did not explain how she reached the conclusion that appellant's gait disturbance was "not documented as being of the severity contemplated by the listings," id. at 17, we need only point to the ALJ's reference to the report of Dr. Cohen, who first treated appellant in late 1984, and who noted that "as late as October 1988, [ ] she was still able to ambulate independently despite her degree of [abnormal gait]." Id. at 16. See also id. at 133, 137.
 
 2. Ability to Perform Past Work
 
 13
 Appellant disputes the ALJ's reference to the fact that appellant admitted that by 1992, she was still able to drive locally, do light cleaning and simple cooking, and visit relatives. Though the ability to perform similar household chores does not alone establish the ability to pursue gainful employment, see Gold v. Secretary of Health, Education and Welfare, 463 F.2d 38, 42 n. 6 (2d Cir.1972), the ALJ's reference merely demonstrated the inconsistency of Dr. Rengifo's prediction that appellant would have become unable to live independently by 1979-1981 at the latest, Admin. Rec. at 18.
 
 
 14
 The ALJ concluded that there was no reliable evidence to support the claim that, prior to 1982, appellant would have been unable to perform the duties of a clerical job similar to the one she last held in 1978. Although some medical records were unobtainable due to the death of one of appellant's treating physicians, the fact remains that the administrative record lacks a clear and reliable indication that the combination of appellant's symptoms as they existed prior to 1982 had rendered her disabled during that time. Though a disability may be demonstrated even in the absence of contemporaneous evidence, Arnone, 882 F.2d at 39, the Commissioner is entitled to notice what the record does not say. See Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir.1983). Here, there was substantial evidence supporting the Commissioner's conclusion that appellant failed to satisfy her burden of proving that she was disabled prior to 1982.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 The listing recognizes three forms of multiple sclerosis: disorganization of motor function; visual or mental impairment; and significant fatigue demonstrated on physical examination. 20 C.F.R. Pt. 404, Subpart P, App. 1 § 11.09A-C