18-2561-cv
Barnaby v. Berryhill

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand nineteen.

PRESENT: DENNIS JACOBS,
PIERRE N. LEVAL,
CHRISTOPHER F. DRONEY,
Circuit Judges.

- - - - - - - - - - - - - - - - - - -X
TIMOTHY BARNABY,
Plaintiff-Appellant,

-v.-                                                          18-2561-cv

NANCY A. BERRYHILL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.
- - - - - - - - - - - - - - - - - - -X

FOR PLAINTIFF-APPELLANT:        MARK SCHNEIDER, Schneider & Palcsik,
                                Plattsburgh, NY.

**FOR DEFENDANT-APPELLEE:**     JOHANNY SANTANA, Special Assistant United States Attorney (Grant C. Jaquith, United States Attorney, Northern District of New York, Stephen P. Conte, Regional Chief Counsel-Region II, Office of the General Counsel, Social Security Administration, <u>on the brief</u>), New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, <u>C.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Timothy Barnaby appeals from the judgment of the United States District Court for the Northern District of New York (Suddaby, <u>C.J.</u>), affirming the denial by the Social Security Administration of his application for disability insurance benefits. The Administrative Law Judge ("ALJ") found that, at the time he filed his claim, Barnaby was a 50-year-old man suffering from the severe impairments of COPD, diabetes, high blood pressure, high cholesterol, GERD, and arthritis. The ALJ found that Barnaby was unable to perform his past work in manufacturing and auto repair but that he had the residual functional capacity to perform light work.

We review the administrative record de novo, and will uphold the decision if it is supported by substantial evidence and the correct legal standards were applied. <u>Zabala v. Astrue</u>, 595 F.3d 402, 408 (2d Cir. 2010); <u>Talavera v. Astrue</u>, 697 F.3d 145, 151 (2d Cir. 2012). We assume the parties' familiarity with the underlying facts and procedural history. The parties dispute whether

2

certain arguments were waived on appeal and the appropriate standard of review. However, because we find that Barnaby's arguments fail even considering the challenges he arguably waived, we need not resolve that dispute.

**1.** Barnaby argues that the ALJ (1) failed to give sufficient weight to opinions that Barnaby was unable to perform certain kinds of work and (2) failed to credit Barnaby's testimony about his ability to read and write, among other things. But the ALJ's finding that Barnaby could perform light work was supported by substantial evidence, including Barnaby's own testimony that he could "do laundry, mow with a riding lawnmower, walk, drive a vehicle, shop in stores, and visit with others." S. App'x 9. And the ALJ "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (quoting Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979)).

**2.** Next, Barnaby argues that his impairments, considered in combination, are sufficiently severe to render him disabled. Barnaby acknowledges that his COPD is not severe enough to render him disabled pursuant to 20 C.F.R. Part 404, Subpart P, App'x 1, Listing 302(A), but cites to no evidence to support his conclusory allegation that his COPD in combination with his other severe impairments renders him disabled. And the ALJ clearly did consider Barnaby's severe impairments in combination. See, e.g., App'x 8 ("In determining whether the claimant is disabled, the undersigned has considered all symptoms, including pain."). Barnaby's other arguments rely on impairments that were not severe, so that the ALJ was not required to assess them.

**3.** Barnaby argues that the ALJ erred at Step 2 by failing to consider his learning disability, anxiety, and headaches as determinable severe impairments.

But Barnaby provides no acceptable medical evidence of diagnoses related to any of these conditions; as to his alleged anxiety, his prescription for anxiety medication does not suffice and, as he concedes in his brief, neither does his diagnosis by a nurse practitioner. See Appellant's Br. at 24.

**4.** Barnaby argues that he is per se disabled pursuant to 20 C.F.R. Part 404, Subpart P, App'x 2, Rule 201.09 because he is more than 50 years old, has limited education, and is limited to sedentary work. However, this argument does not withstand the finding that he is capable of light work.

**5.** Barnaby argues that the Commissioner erred at Step 5 by failing to prove that he could perform work in the economy. But the Commissioner's burden is to identify (on the basis of substantial evidence) one job existing in significant numbers in the national economy that Barnaby could perform, see 42 U.S.C. § 423(d)(2)(A), and two light work jobs were specified by the agency's vocational expert: sales attendant and cleaner/housekeeping. The Commissioner thus sustained her burden.

**6.** Barnaby's final arguments relate to the district court's refusal to consider additional evidence not presented to the ALJ. First, Barnaby argues that the district court should have considered new, retroactive medical evidence in the form of an April 24, 2017 statement signed by a nurse practitioner and a doctor. But Barnaby's objections to the magistrate judge's Report and Recommendation conceded that "it was possible to obtain the retroactive part of the source statement earlier." Reply Br., Add. A at 5. Accordingly, Barnaby has failed to demonstrate good cause for his late addition to the record because this evidence did not "surface[] after the [Commissioner's] final decision" and could have been obtained during the pendency of his proceeding. Lisa v. Sec'y of Dep't of Health & Human Servs. of U.S., 940 F.2d 40, 44 (2d Cir. 1991). Barnaby's citation

4

to <u>Pollard v. Halter</u> for the proposition that good cause always exists to admit evidence "that did not exist at the time of the ALJ's hearing" is inapposite: the new evidence in that case related to events occurring *after* the ALJ's decision. 377 F.3d 183, 193 (2d Cir. 2004); <u>see also</u> <u>id.</u> at 187–88.

Barnaby also argues that the district court erred by failing to consider the partial approval of a subsequent Social Security claim.   But that approval related to a different period of disability, and the approval letter Barnaby submitted expressly states that "[w]e have determined your condition was not disabling on any date through 12/31/16."   Reply Br., Add. B.   Barnaby identifies no evidence in his subsequent disability application that undermines the judgment; and the later determination, on its own, is neither evidence of Barnaby's disability nor support for the claim that the ALJ's decision in this case was unsupported by substantial evidence.   See <u>Cage v. Comm'r of Soc. Sec.</u>, 692 F.3d 118, 127 (2d Cir. 2012).

We have considered Barnaby's remaining arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5