**Sam SERRA, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CIV–89–429S.**

United States District Court, W.D. New York.

May 2, 1991.

Joseph M. Broderick, Buffalo, N.Y., for plaintiff.

Dennis C. Vacco, U.S. Atty. by Paul J. Campana, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## INTRODUCTION

SKRETNY, District Judge.

Now before this Court is defendant Louis W. Sullivan's, Secretary of Health and Human Services ("Secretary"), motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

Plaintiff Sam Serra ("plaintiff") filed this lawsuit pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) ("Act"), seeking review of the Secretary's final determination that he is not disabled within the Act and, consequently, not entitled to Social Security disability benefits.

This Court has jurisdiction over this lawsuit pursuant to 42 U.S.C. § 405(g).

The Secretary moves for judgment on the pleadings, arguing that substantial evidence in the factual record supports his final determination.

In support of his motion, the Secretary submits a legal memorandum ("S. memo.") and the transcript of the administrative record. ("R.").

In opposition to the Secretary's motion, plaintiff submits a legal memorandum ("p. memo.").

This Court has considered the parties' submissions and reviewed the entire record.

*Conclusion:* For the reasons set forth below, this Court holds that substantial evidence in the factual record supports the Secretary's final determination and, therefore, grants the Secretary's motion and dismisses plaintiff's lawsuit.

## PROCEDURAL HISTORY

On September 22, 1987, plaintiff filed an application for disability insurance benefits, claiming his disability commenced in January 1987.

On November 5, 1987, the Social Security Administration's ("Administration") Department of Health and Human Services ("Department") denied plaintiff's application for benefits, finding that plaintiff was not "disabled" within the Act. On February 24, 1988, upon reconsideration, the Department upheld the denial.

Thereafter, on August 11, 1988, after a hearing held on July 13, 1988 (the "hearing"), at which plaintiff, represented by counsel, testified, an Administrative Law Judge ("ALJ"), after a *de novo* review of the record, denied plaintiff's application for benefits. The ALJ found that plaintiff was not disabled within the Act and, therefore, did not qualify for disability benefits.

On February 23, 1989, the ALJ's decision became the final decision of the Secretary when the Administration's Appeals Council denied plaintiff's request for review of the ALJ's decision.

## FACTS

Plaintiff was born in Italy on April 28, 1934. Plaintiff was educated through the fifth grade. (R., p. 29). Although plaintiff cannot read or write English, plaintiff can understand and communicate English reasonably well. (R., p. 51).

Until 1986, plaintiff was employed as an aircraft inspector and grinder, a physical job requiring heavy lifting. (R., pp. 32–33, 53). In June 1986, after his employer ceased doing business, plaintiff retired. (R., p. 30).

After a hunting trip in January 1987, plaintiff developed pain in the lower back and left leg. (R., p. 35). Plaintiff's general physician, Dr. Frank Riforgiato, referred plaintiff to Dr. Edward H. Simmons, an orthopedic surgeon. (R., p. 142–43). After a series of medical tests, plaintiff was diagnosed with a herniated disc. (R., p. 133). On February 6, 1987, Dr. Simmons performed a discectomy on plaintiff and, on February 13, 1987, plaintiff was discharged from the hospital.

On March 12, 1987, Dr. Simmons examined plaintiff and concluded that plaintiff's recovery progressed "... exceedingly well" with "... no complaints whatsoever." Dr. Simmons reported that plaintiff "... has a full range of spinal motion without complaint and he has normal straight leg raising." (R., p. 138).

On April 23, 1987, Dr. Simmons reexamined plaintiff and reported that plaintiff was "... quite well" and had "... no complaints related to his back or lower limbs." Dr. Simmons advised plaintiff to continue exercising and to "... go back to a normal lifestyle" over the following four months. (R., p. 137.)

On August 13, 1987, Dr. Simmons reexamined plaintiff and reported that plaintiff was "... doing well on the whole." Although plaintiff experienced "... occasional mild low backache," plaintiff experienced "... no severe distress." Again, Dr. Simmons reported that plaintiff had "... a full range of motion of his spine without complaint." (R., p. 136).

On September 22, 1987, plaintiff filed an application for disability insurance benefits, claiming a ruptured disc as his disabling condition. At the time he filed his application, plaintiff was 53 years of age.

On February 18, 1988, Dr. Simmons reexamined plaintiff and reported that plaintiff was "... doing well" had "... no symptoms at the moment" and had "... a full range of motion of his spine without complaint." (R., p. 150).

On April 5, 1989, after the ALJ's decision became the final decision of the Secretary,

plaintiff filed this lawsuit seeking this Court's reversal of the Secretary's decision.

## THE ALJ'S DECISION

The ALJ evaluated plaintiff's claim of disability pursuant to the four step sequential process set forth at 20 C.F.R. § 404.1520.

With respect to the requirements of the first and second steps, the ALJ concluded them met; plaintiff was not engaged in "... substantial gainful activity ..." and suffered from an impairment which had "... imposed significant functional limitations for more than 12 continuous months," under 20 C.F.R. §§ 404.1520(b) & (c), respectively. (R., p. 10).

With respect to the third step in the sequential process, the ALJ next considered whether, pursuant to 20 C.F.R. § 404.1520(d) and as required by 42 U.S.C. § 423(d)(1)(A), viewing the medical and clinical evidence in the record plaintiff had an identifiable impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ found that, although plaintiff suffered from a herniated disc and consequently required a discectomy, since plaintiff's surgery Dr. Simmons had "... consistently stated that [plaintiff] has done well ...," and advised plaintiff to " '... go back to a normal lifestyle.' " (R., pp. 10–11). The ALJ noted that the plaintiff's "... symptoms were effectively treated with surgery and he experience[d] only brief, minor exacerbations on occasion which respond promptly to conservative treatment." (R., p. 11). Therefore, considering the medical evidence, the ALJ concluded that plaintiff did not suffer from any spinal disorder described in 20 C.F.R., Part 404, Subpart P, Appendix 1, § 1.05(C) (certain vertebrogenic disorders) (R., p. 11).

The ALJ then necessarily proceeded to the fourth step of the sequential process, 20 C.F.R. §§ 404.1520(e) & (f) which, pursuant to 42 U.S.C. § 423(d)(2)(A), required the ALJ to evaluate the plaintiff's residual functional capacity to determine plaintiff's ability to perform his past work or any other work which exists in significant numbers in the national or regional economy.

The ALJ found, based on Dr. Simmons' evaluations and the medical evidence, that plaintiff did not retain residual capacity to perform his past relevant work as an inspector/grinder, work which had exertional requirements qualifying it as "heavy" work within 20 C.F.R. § 404.1567(d) (R., p. 11).

However, based on the factual evidence, the ALJ concluded that plaintiff retained residual capacity for the full range of medium work within 20 C.F.R. § 404.1567(c). Because Dr. Simmons reported, *inter alia*, that plaintiff could return to a "... 'normal lifestyle.' " within six months of surgery and plaintiff identified only "... minor exacerbations ..." limiting plaintiff for "... a day or so ...," the ALJ discounted plaintiff's subjective complaints of pain. (R., p. 11).

To complete his disability determination, since the ALJ concluded that plaintiff could not resume his prior work because of his impairment, the ALJ applied the Medical–Vocational Guidelines contained at 20 C.F.R., Part 404, Subpart P, Appendix 2 (the "grids") to determine the existence of significant numbers of other jobs in the national or regional economy which plaintiff could perform despite his impairment. Consulting the grids applicable to impaired individuals possessing a residual functional capacity capability for medium work, 20 C.F.R., Part 404, Subpart P, Appendix 2, Rules 203.18 through 203.20, and considering plaintiff's work experience, advancing age and plaintiff's "... marginal Italian-language education," according to 20 C.F.R. §§ 404.1563 & 404.1564, respectively, the ALJ concluded plaintiff not to be disabled "... regardless of the level of transferability of any skills [plaintiff] may possess." (R., pp. 11, 13). Although concluding that plaintiff could not "... perform his past relevant work," the ALJ found that, considering plaintiff's "... residual functional capacity and his age, education, and past work experience," that "... there are other jobs which the [plaintiff] can perform and that such jobs exist in significant numbers in the national economy." (R., p. 9).

## STANDARD OF REVIEW

This Court must affirm the Secretary's final determination if supported by substantial evidence in the factual record and not the product of legal error. 42 U.S.C. § 405(g). *See, Dumas v. Schweiker,* 712 F.2d 1545, 1550 (2d Cir.1983) ("Substantial evidence" means evidence that " '... a reasonable mind might accept as adequate to support a conclusion....' ") (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (further citations omitted)). Moreover, this Court affords the Secretary's determination "... considerable deference ..." and will not substitute "... its own judgment for that of the Secretary, even if it might have justifiably reached a different result upon a de novo review." *Valante v. Secretary of Health and Human Services,* 733 F.2d 1037, 1041 (2d Cir.1984).

Applying the statutory standard to this case, this Court must affirm the Secretary's final determination.

## DISCUSSION

The Act defines disability as:

> [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

42 U.S.C. § 423(d)(1)(A). Congress has required that an individual may be determined disabled only if

> ... his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....

42 U.S.C. § 423(d)(2)(A). A disability claimant, such as plaintiff, maintains the burden of proving the existence of a disability. 42 U.S.C. § 423(d)(5)(A). *See, Bell v. Department of Health and Human Services,* 732 F.2d 308, 310 (2d Cir.1984).

### 1. *The ALJ's Credibility Determination*

■ Plaintiff's primary attack on the ALJ's decision is that he erroneously discounted plaintiff's complaints of pain which emerged from plaintiff's hearing testimony; according to plaintiff, absent affording "great weight" to plaintiff's testimony, which plaintiff argues the ALJ erroneously failed to do, substantial evidence in the factual record does not support the ALJ's finding that plaintiff is not disabled.

Plaintiff contends that the ALJ erroneously discredited plaintiff's hearing testimony, specifically plaintiff's complaints of pain, even where the ALJ found that medical evidence failed to corroborate this testimony. (P. memo., p. 2). Plaintiff also contends that the ALJ erroneously failed to specify why he discounted plaintiff's testimony and that such failure requires that plaintiff's testimony be accepted as a matter of law. (p. memo., p. 3). Similarly, plaintiff argues that Dr. Simmons' post-surgery reports ignored plaintiff's complaints of pain and, in light of plaintiff's hearing testimony the ALJ should have discounted Dr. Simmons' reports. (p. memo., p. 3; R., pp. 28).

In response the Secretary argues that substantial evidence in the factual record supports the ALJ's finding that plaintiff's pain was not disabling and that plaintiff maintained a residual functional capacity to engage in medium work. (S. memo., p. 13).

This Court rejects plaintiff's contention that the ALJ erroneously discounted plaintiff's hearing testimony and agrees with the Secretary that substantial evidence in the factual record, inclusive of plaintiff's hearing testimony, supports the Secretary's final determination that plaintiff is not disabled within the meaning of the Act.

At the hearing, plaintiff testified, *inter alia,* that he experienced back pain generally, that he could not bend over to remove his socks from his feet and that he was bedridden for two weeks after attempting to start his lawn mower. (R., pp. 45, 48, 58). Plaintiff also testified that he does not have full range of motion and conceded that this testimony contradicted Dr. Simmons' post-surgery reports. (R., p. 62).

In response, the ALJ questioned plaintiff regarding the disparity between plaintiff's testimony and Dr. Simmons' post-surgery reports, which indicated that plaintiff progressed well and had no complaints. Plaintiff testified that although he did inform Dr. Simmons of pain in his foot, he failed to inform Dr. Simmons of pain in his back. (R., p. 56). Plaintiff testified that he did not know why he failed to inform Dr. Simmons about pain he experienced in his back. (R., p. 57).

In this case, the ALJ confronted a contradiction between the plaintiff's hearing testimony and the reports of plaintiff's treating physician made contemporaneous with plaintiff's medical examinations.

■ The ALJ must make a credibility determination when there is conflicting evidence with respect to a material issue such as pain or other disability. *Donato v. Secretary of Health and Human Services*, 721 F.2d 414, 418 (2d Cir.1983). Although subjective pain " '... may serve as the basis for establishing disability,' " *Dumas v. Schweiker*, 712 F.2d at 1552 (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979) (further citations omitted)), pain alone cannot supply the basis of disability absent

> ... medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain....

42 U.S.C. § 423(d)(5)(A); *See*, 20 C.F.R. § 404.1529.

In this case, medical evidence contained in the factual record establishes that after corrective surgery plaintiff was neurologically normal. (R., pp. 136, 137, 138, 150). After examining plaintiff on several occasions Dr. Simmons reported not only that plaintiff "... has a full range of spinal motion without complaint and he has normal straight leg raising," but that plaintiff had "... no complaints related to his back or lower limbs." (R., pp. 136, 137, 138, 150). After examining plaintiff approxi-

mately two months after plaintiff's surgery Dr. Simmons concluded that plaintiff could resume a "... normal lifestyle" with an exercise program. (R., p. 137).

Based on the medical evidence, the ALJ found plaintiff not to suffer from any spinal disorder within 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.05. (R., p. 11). Moreover, having reviewed plaintiff's post-surgery medical reports, the ALJ found that Dr. Simmons, "... has consistently stated that the [plaintiff] has done well since his surgery." (R., p. 10). This Court has examined the record documenting Dr. Simmons' post-surgical evaluations of plaintiff and agrees with the ALJ's conclusion.

Contrary to plaintiff's assertion, the ALJ "... considered the [plaintiff's] subjective complaints and described limitations." (R., p. 11). However, based on Dr. Simmons post-surgical evaluations of plaintiff, the ALJ found plaintiff's complaints of pain made in connection with his disability benefits application "... out of proportion to the signs, findings, and conclusions of Dr. Simmons." (R., p. 11). Therefore, the ALJ "... somewhat discount[ed] the [plaintiff's] subjective complaints of pain and functional limitation." (R., p. 11).

It is the Secretary's function not the district court's to appraise the credibility of witnesses, including the plaintiff. *Carroll v. Secretary of Health and Human Services*, 705 F.2d 638, 642 (2d Cir.1983). Moreover, this Court must defer to the credibility determination of the ALJ, who observed the demeanor of the plaintiff. *Buchbinder v. Bowen*, 709 F.Supp. 389, 395 (S.D.N.Y.1989). This Circuit has emphasized that

> [t]he ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.

*Marcus v. Califano*, 615 F.2d at 27.

Moreover, in this Circuit the opinion of the treating physician regarding a disability claimant, such as plaintiff, is " '... binding on the fact-finder unless controverted by substantial evidence.' " *Hidalgo v.*

*Bowen,* 822 F.2d 294 (2d Cir.1987) (citation omitted). Here, the ALJ properly found that Dr. Simmons' medical evaluations of plaintiff were not controverted by substantial evidence. To the contrary, Dr. Simmons' evaluations were entirely consistent with the clinical medical evidence before him.

Therefore, this Court finds the ALJ's credibility determination regarding plaintiff's complaints of pain supported by substantial evidence in the factual record and defers to it. *See, Dumas v. Schweiker,* 712 F.2d at 1552 (Court held ALJ's finding that despite evidence in the record indicating that plaintiff experienced some pain such pain was not disabling, supported by substantial evidence in the factual record); *Martinez v. Bowen,* 687 F.Supp. 71, 76 (S.D.N.Y.1988) (granting the Secretary's motion for judgment on the pleadings and affirming the ALJ's finding that plaintiff was not disabled within the Act, the Court concluded that the ALJ did not error by discounting plaintiff's subjective complaints of pain which contradicted the medical evidence presented to and the reports of plaintiff's treating physician.).

Lastly, for the same reasons discussed above, this Court rejects plaintiff's argument that because the ALJ discounted plaintiff's hearing testimony substantial evidence does not support the ALJ's finding that plaintiff retained a residual functional capacity for medium work.[1]

### 2. *Application Of The Grids*

Pursuant to 20 C.F.R. §§ 404.1563, 404.-1564 and 404.1565, the ALJ considered plaintiff's age, education, and work experience, respectively, the vocational factors governing plaintiff's ability to perform other work in the national economy within the meaning of the Act.

20 C.F.R., Part 404, Appendix 2, Subpart P, Rules 203.18 through 203.20, contained in the grids, dictate that a marginally educated individual approaching advanced age possessing the ability to do medium work, such as plaintiff, is not disabled within the Act regardless of whether the individual possesses transferable work skills. Relying on these rules in the grids, the ALJ concluded that plaintiff was not disabled within the meaning of the Act.

Plaintiff argues that the ALJ erroneously applied the grids "... since the grids are statistically based on exertional impairments only." (R., p. 5). This Court assumes that plaintiff now contends that his impairment, which resulted from a herniated disc, is non-exertional. This Court rejects such an argument. Plaintiff's impairment does not stem from the type of environmental restriction described in 20 C.F.R. § 404.1545. Based on the factual record the ALJ expressly found, and this Court agrees, that plaintiff experiences "no non-exertional limitations." (R., p. 12).

Lastly, plaintiff argues, had the ALJ concluded that plaintiff retained a residual functional capacity for light work, the grids, specifically 20 C.F.R., Part 404, Appendix 2, Subpart P, Rule 202.09, would have dictated plaintiff disabled. Even if this Court accepted plaintiff's contention that plaintiff retained a residual functional capacity for only light work, which this Court does not, plaintiff's reliance on Rule 202.09 is misplaced since that Rule contemplates a disability claimant who is "illiterate or unable to communicate in English." The factual record, however, reveals, and plaintiff's hearing testimony demonstrates, that although plaintiff has a marginal education, he is clearly able to communicate and understand English.

Thus, this Court not only affirms the ALJ's conclusion that plaintiff retained a residual functional capacity for medium, not light work, it also agrees with the ALJ's conclusion that even if plaintiff retained a residual functional capacity for light work, the grids, specifically 20 C.F.R., Part 404, Appendix 2, Subpart P, Rules 202.10 through 202.12, compel the same conclusion that plaintiff is not disabled within the meaning of the Act.

---

1. After considering plaintiff's hearing testimony and the medical evidence, the ALJ concluded that plaintiff retained a residual functional capacity for the full range of medium work; "[t]hat is, [the ALJ] expects the claimant to be able to stand and walk for virtually all of the workday and lift and carry up to 25 pounds frequently or up to 50 pounds on occasion." (R., p. 11.).

## CONCLUSION

For the reasons set forth above, this Court holds that substantial evidence in the factual record supports the Secretary's final determination and therefore, this Court grants the Secretary's motion for judgment on the pleadings.

## ORDER

IT HEREBY IS ORDERED, that this Court GRANTS defendant's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

FURTHER, that this Court directs the Clerk of the United States District Court for Western District of New York to DISMISS the above captioned lawsuit in accordance with this decision.

SO ORDERED.