Roberto **ROSADO**, Plaintiff,

v.

**Donna E. SHALALA, Secretary of the Department of Health and Human Services, Defendant.**

**Civ. A. No. 93–CV–2038.**

United States District Court,
E.D. New York.

Aug. 17, 1994.

Pamela Thomas, Fine, Olin & Anderman, P.C., New York City, for plaintiff.

Beth P. Schwartz, Asst. U.S. Atty., Zachary W. Carter, U.S. Atty., E.D.N.Y., Brooklyn, NY, for defendant.

*MEMORANDUM AND ORDER*

TRAGER, District Judge:

Before the court are the parties' cross-motions for judgment on the pleadings in this social security case. For the reasons set forth below, the government's motion is granted, and plaintiff's motion is denied.

I. *Background*

On June 26, 1991, plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. Plaintiff asserted that his disability arose from a back injury that occurred in March 1990, when he had lifted a screen in the course of his employment at a print shop. However, plaintiff continued to work until June 14, 1990, the date he has alleged he became disabled. He was 47 years old at the time.

In his disability report, plaintiff identified two physicians who he has seen for his back problems, Dr. Placido Menezes and Dr. Herbert Weiner. Both of these physicians first saw plaintiff in early 1991. Before that, plaintiff had been treated by a chiropractor, Dr. Morton Glasser, whose reports to the Workers' Compensation Board indicated that he began to treat plaintiff in July 1990. Dr. Menezes, Dr. Weiner, and Dr. Glasser had all checked off or otherwise noted that plaintiff was totally disabled in their reports to the Workers' Compensation Board, although Dr. Weiner, in his report to the Board dated February 17, 1992, checked off that plaintiff had a partial disability.

In a report dated February 11, 1991, Dr. Menezes wrote that after the alleged injury, plaintiff claimed to have experienced pain in the lumbar area and experienced difficulty when he walked or sat down or was bent forward. Dr. Menezes found that plaintiff has a moderate degree of spasm in the paravertebral muscles with loss of lumbar lordosis present. Dr. Menezes further found that movements of the lumbar spine were limited. X-rays purportedly showed some narrowing of the disc space at L–3, 4 with degenerative changes. Dr. Menezes referred plaintiff to Dr. Weiner for treatment.

However, an MRI of plaintiff's lumbar spine performed on March 29, 1991 was neg-

ative. The report stated that the "MRI of the lumbar spine discloses no disc herniations. No spinal stenosis seen. No soft tissue masses or bony abnormalities identified." Tr. 93.

On August 2, 1991, Dr. Weiner stated on a form provided by the New York State Department of Social Services that plaintiff had paravertebral spasm and numbness in his neck and lower back. Dr. Weiner did not indicate that plaintiff had any atrophy, or sensory, motor, or reflex abnormalities. Dr. Weiner also did not indicate that plaintiff required any assistance in the performance of daily activities, although the form specifically requested Dr. Weiner to describe such limitations if they were present. In the accompanying range of motion chart, Dr. Weiner indicated that plaintiff had restrictions in his lumbar region. Based on his medical findings, Dr. Weiner opined that plaintiff's ability to push and/or pull was limited due to back pain, but that plaintiff did not suffer other limitations.

X-rays of plaintiff's lumbar spine, taken on August 29, 1991, were also negative. On that same date, plaintiff was examined by the government's physician, Dr. Mario Mancheno, who found that plaintiff walked normally, and that plaintiff did not exhibit any atrophy, or sensory, motor, or reflex abnormalities. Dr. Mancheno did note that plaintiff had some tenderness from L3 to S1, with minimal paraspinal muscle spasm.

At the hearing before the Administrative Law Judge ("ALJ"), held on March 16, 1992, plaintiff indicated that he lived on the second floor of a building that does not have an elevator, so he would walk up one flight of stairs to get to his apartment. Plaintiff stated that he took the train that day to get to the hearing. It is worthwhile to note that in his disability report, plaintiff wrote that he was able to use public transportation on his own, that he went for walks, and attended baseball games. However, at the disability hearing, he testified that if he walked a couple of blocks, he would experience pain the subsequent day. He claimed he could sit or stand for only one hour at a time, and could lift ten pounds, but with difficulty.

## II. *Discussion*

█ The Social Security Act provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence denotes evidence which "'a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938)). "Where there is substantial evidence to support either position, the determination is one to be made by the factfinder [i.e., the Secretary]." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir.1990). Based on the record in this case, this court must affirm the Secretary's decision to deny plaintiff's application for benefits.

█ Although plaintiff's doctors had checked off that plaintiff was disabled on forms sent to the Workers' Compensation Board, the standards which regulate workers' compensation relief are different from the requirements which govern the award of disability insurance benefits under the Act. Accordingly, an opinion rendered for purposes of workers' compensation is not binding on the Secretary. *See Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir.1984) ("[W]e believe the ALJ could reasonably disregard so much of the physicians' reports as set forth their conclusions as to Coria's disability for worker's compensation purposes.").

█ Furthermore, under the Secretary's regulations, which the court must follow; *Schisler v. Sullivan*, 3 F.3d 563 (2d Cir.1993), the opinion of a plaintiff's treating physician is controlling only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] ... record." 20 C.F.R. § 404.1527(d)(2). Aside from the issue whether plaintiff's physicians' opinions are well-supported *vel non*, in light of the negative MRI and lumbar x-rays, among other things, the record contains substantial evidence contrary to plaintiff's claims. Thus, the opinions expressed by plaintiff's physicians as to plaintiff's condition cannot be deemed conclusive as a matter of law.

When a physician's opinion is not controlling, the Secretary considers various factors to weigh the evidence: the length and nature of the treatment relationship, the evidence presented to support an opinion, the consistency an opinion has with the record as a whole, and the extent the physician offered an opinion in an area in which he/she has specialized. 20 C.F.R. § 404.1527(d). Under these standards, the Secretary was well within her discretion to deny plaintiff's application. "The conclusive effect of the substantial evidence rule applies not only with respect to the Secretary's findings as to basic evidentiary facts, but also to inferences and conclusions drawn therefrom." *Rodriguez v. Califano*, 431 F.Supp. 421, 423 (S.D.N.Y. 1977).

The ALJ, who observed plaintiff's demeanor, had the discretion to evaluate plaintiff's credibility and to determine, in light of the evidence in the record, the true extent of any pain alleged by plaintiff. *Serra v. Sullivan*, 762 F.Supp. 1030, 1034 (W.D.N.Y.1991). The Secretary was not obligated to accept plaintiff's subjective testimony without question. *Misuraca v. Secretary of Health and Human Services*, 562 F.Supp. 243, 245 (E.D.N.Y. 1983).

In this case, the Secretary exercised her discretion and found that "[t]he claimant's testimony regarding the nature and extent of his pain and functional limitations was not credible." Tr. 14. The Secretary ruled that based on plaintiff's capacity to perform light work and his age, as well as his education and work experience, the plaintiff was not disabled pursuant to Rule 202.16 of the Grids. Plaintiff contends that he was limited to sedentary work, and thus should be found disabled under Rule 201.17. The Secretary has defined light work as lifting no more than 20 pounds at a time with frequent lifting of 10 pounds. This work also involves a good deal of walking or standing, or pushing or pulling of arm or leg controls while sitting. 20 C.F.R. § 404.1567(b). Plaintiff has failed to show, however, that the Secretary erred when she did not credit his claims of pain, or when she found plaintiff capable of light

work. In light of the evidence in the record opposed to plaintiff's claims, especially the negative MRI and x-rays, as well as the findings made even by his own physician that plaintiff's paravertebral muscle spasms were moderate, this court holds, based on a review of the entire record, that the Secretary's findings were supported by substantial evidence.

Accordingly, the court grants the government's motion for judgment on the pleadings, and dismisses this case.

SO ORDERED.