**Christine GEORGES, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 85 CIV. 2161 (PKL).**

United States District Court, S.D. New York.

May 23, 1986.

Irwin B. Silverman, Brooklyn, N.Y., for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City; (Donna H. Lieberman, Sp. Asst. U.S. Atty., Annette H. Blum, Regional Atty.—Region II, Diogenes R. Kekatos, Asst. Regional Atty., Office of the General Counsel, Dept. of Health & Human Services, of counsel), for defendant.

## OPINION

LEISURE, District Judge:

This action, under 42 U.S.C. § 405(g), seeks a review of a final determination by the Secretary of Health and Human Services ("Secretary") denying plaintiff's application for Disability Insurance Benefits and Supplemental Security Income ("SSI"). The parties have cross-moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

The plaintiff, Christine Georges, filed for disability benefits based on degenerative disc disease of the cervical spine. Her application was denied initially, and on reconsideration after a July 17, 1984 hearing before an Administrative Law Judge ("ALJ"). Plaintiff's request for review by

the Social Security Appeals Council was denied on January 18, 1985.

■ A plaintiff seeking disability benefits is considered disabled if she is incapable of substantial activity due to a physical impairment that has lasted or can be expected to last for a period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). The plaintiff bears the burden of proving an inability to continue in her prior occupation, *Bluvband v. Heckler*, 730 F.2d 886, 891 (2d Cir.1984), or to perform any other type of substantial work. *Dousewicz v. Harris*, 646 F.2d 771, 772 (2d Cir.1981). But, the plaintiff need not demonstrate that she is totally disabled or completely helpless. *Gold v. Secretary of HEW*, 463 F.2d 38, 41 n. 6 (2d Cir.1972).

■ The Secretary's evaluation and conclusion should be based on objective and subjective facts that include: 1) objective medical facts; 2) diagnosis or medical opinions; 3) subjective evidence of pain and disability testified to by the claimant or others; and 4) the claimant's educational background, age and work experience. 20 C.F.R. § 404.1502; *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir.1980); *Gold*, 463 F.2d at 41 n. 2. The factual findings of the Secretary will be conclusive if supported by substantial evidence. *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir.1978). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Donato v. Secretary of HHS*, 721 F.2d 414, 418 (2d Cir. 1983). The courts are authorized to reverse a decision of the Secretary and to remand if the decision is not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir.1981). To determine whether the Secretary's findings are supported by sustantial evidence, the court shall examine the entire record, "including contradictory evidence and evidence from which conflicting inferences can be drawn." *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir.1983). The reviewing court should be mindful, however, that the Social Security Act is remedial in nature and should be construed broadly. *Marcus v. Califano*, 615 F.2d 23, 29 (2d Cir.1979); *Gold*, 463 F.2d at 41.

*Factual Record*

Plaintiff, born on March 13, 1925, is sixty-one years old. She completed a degree in fashion and costume design at the Girls Commercial High School and worked as a graphic artist for over forty years. In her work, she sketched garment designs using an easel, pens and a magnifying glass. In fact, the majority of her work consisted of detailed drafting that required long hours bent over an easel. None of her work included clerical tasks. Plaintiff testified that, although she is able to do light housework, she is unable to maintain the position or do the intricate work demanded by her occupation.

Plaintiff began to experience pain approximately ten years ago that culminated in a double dissectomy of the fifth, sixth and seventh vertebrae. Although the operation was performed to relieve her pain, she alleges that the pain has not subsided. In fact, she claims that the particular demands of her job have intensified and prolonged the pain. Plaintiff's attending physician, Dr. George DiGiacinto, noted in his medical report a marked limitation of the plaintiff's right shoulder and arm, but that she was able to use her hand and elbow "fairly well." Dr. DiGiacinto prescribed treatment and therapy to relieve the pain. He concluded that plaintiff is totally disabled.

Dr. Christopher Mills, who examined plaintiff for the Social Security Administration, noted "clinical evidence of crepitation of the right shoulder" but no swelling or tenderness. Both arms showed normal sensation and motor ability. He also found that plaintiff had extensive movement in her arm and shoulder.

Dr. Andrew Patterson, who had treated plaintiff since October, 1982, submitted a letter dated August 3, 1984 in which he noted that the surgery had considerably improved plaintiff's condition. Dr. Patterson's most recent examination, on January

6, 1984, revealed that plaintiff had the full range of shoulder motion. There was no tenderness or pain and x-rays of the right shoulder were normal. Dr. Patterson reported that he had discussed plaintiff's condition with Dr. DiGiacinto, who felt that plaintiff's condition would continue to improve without further surgery.

A December 3, 1984 letter from Dr. John Cohn, plaintiff's internist, noted that plaintiff complained of pain in the area of her right shoulder blade, although the range of motion was excellent and no neurological deficits were found. Dr. Cohn stated that plaintiff was under the care of a rheumatologist for her complaints.

■ In reviewing the claimant's complaint, "the expert opinion of a treating physician on the subject of disability is binding on the Secretary unless substantial evidence is presented to the contrary." *Rivera v. Schweiker*, 717 F.2d 719, 723 (2d Cir.1983). Therefore, Dr. DiGiacinto's medical opinion should be considered persuasive unless contradicted by substantial evidence.

■ The Court's review of the record reveals the existence of evidence from which a reasonable mind could conclude that plaintiff's allegations of disabling pain were inconsistent with her range of activities. The record shows that plaintiff cooks, does the dishes, sweeps, vacuums, and makes the bed. She lives in a fourth floor walk-up and she cares for herself. Three of the four physicians of record noted normal range of motion of the right shoulder. Sensation was intact and motor coordination and strength were normal. Dr. DiGiacinto, one of her treating physicians, observed that plaintiff was able to use her hand and elbow fairly well. Although Dr. DiGiacinto and Dr. Patterson were of the opinion that plaintiff was disabled, the report of the consulting physician and a substantial portion of the objective medical evidence are to the contrary. Dr. Cohn and Dr. Patterson agreed that plaintiff had a full range of shoulder motion, and shoulder x-rays taken by Dr. Patterson were normal.

■ The ALJ was entitled to evaluate the credibility of plaintiff's testimony bearing on subjective evidence of pain. The ALJ is not constrained to accept the complainant's allegations of pain, and is entitled to arrive at an independent conclusion, "in light of the medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *McLaughlin v. Secretary of HEW*, 612 F.2d 701, 705 (2d Cir.1980). Under certain circumstances, pain alone may be so intense that it merits a finding of disability even in the absence of corroborating evidence. *Gallagher v. Schweiker*, 697 F.2d 82, 84 (2d Cir.1983). But, generally, mere allegations of pain are not sufficient to carry plaintiff's burden of proof.

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all the evidence required to be furnished under this paragraph ... would lead to a conclusion that the individual is under a disability.

42 U.S.C. § 423(d)(5)(A). The record shows that the ALJ questioned plaintiff about her claim that the nature of her work, which required her to spend long hours hunched over, made the pain particularly debilitating. He also questioned her about her ability to perform very wide movements required by certain aspects of housework in conjunction with her suggestion that she found it much harder to do small things. Her claim that her whole arm prevented her from being able to draw was contradicted by the medical reports that her coordination and strength were normal. Indeed, as noted by the ALJ, Dr. DiGiacinto had observed that she was able to use her hand and elbow fairly well.

While plaintiff's condition may be the cause of some discomfort to her, there is evidence of both the medical and nonmedical variety that supports the Secretary's finding that plaintiff is not disabled. *See Gallagher v. Schweiker,* 697 F.2d 82, 83–84 (2d Cir.1983). The Secretary has presented "more than a mere scintilla ... of such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Donato,* 721 F.2d at 418; *Parker,* 626 F.2d at 231. Where the Secretary's decision that plaintiff is not disabled is supported by substantial evidence, the decision must be affirmed, even where the reviewing court's independent analysis of the evidence may differ. *Rutherford v. Schweiker,* 685 F.2d 60, 62 (2d Cir.1982), *cert. denied,* 459 U.S. 1212, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983). The medical evidence and plaintiff's full range of activities reasonably support a finding that her pain is not of disabling severity.

Lastly, the Secretary determined that plaintiff retained the residual capacity to perform work as a graphics illustrator. It is not sufficient for plaintiff to contend that she cannot return to the specific job she formerly held. Plaintiff must demonstrate that she is not capable of returning to her former type of work. *Jock v. Harris,* 651 F.2d 133, 135 (2d Cir.1981). The record does not support the conclusion that plaintiff is unable to work in some way as a graphics illustrator, if not in the precise job she formerly held. Accordingly, the Court concludes that the Secretary's determination is reasonable and should be affirmed.

### Conclusion

Based upon the foregoing, plaintiff's motion for judgment on the pleadings is denied. The Secretary's motion for judgment on the pleadings is granted and the decision of the Secretary denying plaintiff's application for disability benefits is affirmed.

SO ORDERED.