**Samuel ARIZMENDI,**

v.

**Louis W. SULLIVAN, M.D., Secretary Health & Human Serv.**

**Civ. No. B–90–453 (WWE).**

United States District Court, D. Connecticut.

April 8, 1993.

Charles A. Pirro, III, Pirro & Church, Norwalk, CT, for plaintiff.

Deirdre Anne O'Connor, U.S. Attorney's Office, Bridgeport, CT, for defendant.

### RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ON DEFENDANT'S MOTION FOR ORDER AFFIRMING THE DECISION OF THE SECRETARY

EGINTON, Senior District Judge.

This action, filed under Sections 205(g) and 1631(c)(3) of the Social Security Act ("Act"), 42 U.S.C. § 405(g) and 1383(c)(3), as amended, seeks review of a final decision of the Secretary of Health and Human Services ("Secretary"), which denied plaintiff Supplemental Security Income ("SSI") disability benefits under Title XVI of the Act.

#### Administrative Proceedings

The plaintiff, Samuel Arizmendi, filed an application for SSI benefits on October 28, 1988. In his application, the plaintiff alleged an inability to work due to migraine headaches, hypertension, and general all over pain. The Secretary denied both plaintiff's application in January of 1989 and plaintiff's request for reconsideration of that denial in February of 1989. Plaintiff then filed a request for a hearing, which was granted. After a hearing, the Administrative Law Judge ("ALJ") found that plaintiff failed to prove he was disabled, that his testimony regarding his pain and functional restrictions was not credible, and that plaintiff could perform medium work. On appeal, the Appeals Counsel considered additional evidence and a memorandum but nevertheless declined plaintiff's request for review. Subsequently, this action was filed in September of 1990.

Pending before the court are plaintiff's motion for summary judgment and defendant's motion for order affirming the decision of the Secretary. For the reasons set forth below, plaintiff's motion is denied and defendant's motion is granted.

#### Facts

Plaintiff was born on October 12, 1936 and was 52 when he applied for SSI benefits. He attended school only to the sixth grade, is illiterate, and does not speak English. Plaintiff has minimal work experience as a farmer, porter, and maintenance man, but has not worked for twenty-two years.

At the administrative hearing, plaintiff testified that he suffered from daily migraine headaches, which frequently are accompanied by dizziness, vomiting, and diarrhea. Plaintiff also testified that he frequently has pain in his bones, occasional chest and abdominal pain, and swollen feet. Plaintiff's daughter testified that plaintiff often appears to be in pain.

Plaintiff's medical records reveal that he has received treatment for his ailments since 1985 at Bridgeport Hospital Clinic. The records from 1985 note a history of hypertension and migraine headaches. A 1985 cranial CT scan, x-rays, and examination, however, indicated that plaintiff was normal and had no signs of coronary artery disease or any other ailment which would cause him pain.

When plaintiff returned to the clinic in March 1988 with complaints of leg and bone pain, medication and a decreased salt diet were prescribed for hypertension and in-

creased exercise was recommended for the leg pain. At the time these treatments were prescribed, plaintiff stated that he was not then suffering from headaches or chest pains. Plaintiff returned to the clinic in September 1988, at which time the medical records show he had good pulses and no evidence of claudication in his legs, no sciata, and normal reflexes. The treating doctor, however, recommended that plaintiff resume taking blood pressure medication.

In October 1988, plaintiff again complained of leg pain and occasional dizziness but stated that he had not had a headache in the preceding three weeks. At a check-up in November 1988, plaintiff reported that his leg pain was improved by his medication. In addition, the medical records reveal that plaintiff's hypertension condition was improved.

In December 1988 and January 1989, plaintiff reported he was experiencing headaches and dizziness but otherwise felt fine. His blood pressure in January 1989 was lower than it had been in almost six months. In addition, an EKG and chest X-ray revealed that plaintiff's heart and lungs were normal; and a physical examination showed a normal gait and reflexes, no cyanosis or edema, full range of motion in the left shoulder, and slightly decreased range of motion in the right shoulder with some tenderness. The doctor recommended that plaintiff continue taking his medication, take Tylenol or aspirin for his headaches, and maintain a low salt diet. At that time, the doctor noted that plaintiff was able to assume full time labor without restrictions.

In April 1989, plaintiff complained of nightly migraines and was treated on one occasion in the emergency room for such a headache. He continued to complain of daily headaches in May 1989 and had elevated blood pressure. At that time, the attending physician noted that plaintiff was taking too low a dose of antihypertensive medication and that other medication would be considered if the headaches continued beyond plaintiff's resumption of the proper dosage.

## Discussion

A person seeking SSI benefits has the burden of proving that he is disabled within the meaning of the Act. *Bowen v. Yuckert,* 482 U.S. 137, 147 n. 5, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987). To be "disabled" under the Act, a person's medical condition must be so severe as to prevent him from performing any substantial gainful work for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A). There are four elements of proof to be considered in determining whether a claimant is disabled: (1) the objective medical facts and clinical findings, (2) expert medical opinions, (3) the claimant's own testimony, and (4) the claimant's age, education, and work history. These factors, however, "need not be given equal weight." *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980).

The issue before this court is whether the Secretary's findings of fact regarding plaintiff's alleged disability were supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citation omitted).

After careful review, the court holds that the Secretary's findings of fact were supported by substantial evidence. The objective medical facts and clinical findings, as well as the expert medical opinions described above do not show any abnormal physical condition in the plaintiff. Further, the number of plaintiff's headaches varied from month to month and at time his headaches were cured by medication. None of the notes form treating physicians indicate that plaintiff had a medical condition that was incompatible with the his performing medium work. None of the medical records support plaintiff's claim of disabling arthritis and pain. Because it is within the discretion of the Secretary to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, the court finds that the ALJ properly found that plaintiff's testimony regarding pain and functional limitations was not credible. *McBray-*

*er v. Secretary of Health and Human Services,* 712 F.2d 795, 799 (2d Cir.1983); *Gallagher v. Schweiker,* 697 F.2d 82, 84 (2d Cir. 1983). Accordingly, the Secretary properly found that plaintiff was not disabled within the meaning of the Act and not entitled to SSI benefits.

### Conclusion

For the reasons set forth above, the motion for summary judgment [15–1] is DENIED and the motion to affirm [17–1] is GRANTED.