14-4458-cv
Cohen v. Commissioner of Social Security

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of March, two thousand sixteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                  *Circuit Judges*.

_____

CHRISTINA ERICA COHEN,

                  *Plaintiff-Appellant*,

             v.                                              14-4458-cv

COMMISSIONER OF SOCIAL SECURITY,

                  *Defendant-Appellee*.

_____

Appearing for Appellant:     Laurence Beck, Brooklyn, NY

Appearing for Appellee:      Allison Rovner, Assistant United States Attorney (Sara L. Shudofsky, *on the brief*) *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Carter, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Christina Erica Cohen appeals from the September 29, 2014 judgment of the United States District Court for the Southern District of New York (Carter, *J.*), granting the motion by Appellee, the Commissioner of Social Security (the "Commissioner"), for judgment on the pleadings, and thereby affirming the decision of the Commissioner denying Cohen's application for disability benefits. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"In reviewing the denial of [Social Security] benefits by the [Commissioner], 'our focus is not so much on the district court's ruling as it is on the administrative ruling.'" *Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir. 1999) (alterations in original) (quoting *Schaal v. Apfel,* 134 F.3d 496, 500–01 (2d Cir. 1998)). "It is not our function to determine *de novo* whether [a plaintiff] is disabled . . . ." *Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir. 1996). Instead, "[w]e set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Rosa,* 168 F.3d at 77 (alterations in original) (quoting *Balsamo v. Chater,* 142 F.3d 75, 79 (2d Cir. 1998)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pratts,* 94 F.3d at 37 (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). Accordingly, we "may not substitute [our] own judgment for that of the [Commissioner], even if [we] might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.,* 733 F.2d 1037, 1041 (2d Cir. 1984).

To qualify as "disabled" under the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at § 423(d)(2)(A).

To determine whether an individual qualifies for disability benefits, the Social Security Administration follows a five-step procedure. "Once a disability claimant proves that his severe impairment prevents him from performing his past work" at step four, the Commissioner "then has the burden of proving that the claimant still retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa,* 168 F.3d at 77 (quoting *Bapp v. Bowen,* 802 F.2d 601, 604 (2d Cir. 1986)).

In this case, Cohen argues the Administrative Law Judge ("ALJ") evaluating Cohen's claim erred at step 4 when the ALJ determined that while Cohen had "bipolar disorder, [not otherwise specified], and post-traumatic stress disorder, developmental dyslexia and a mathematics disorder . . . asthma . . . and back syndrome," ROA at 18, these impairments did not prevent Cohen from performing certain sedentary work, as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a), as long as she avoided moderate exposure to fumes, dusts, gases, odors, and poor ventilation, worked in a low stress environment, and was limited to only occasional interaction with coworkers and supervisors and had no public interaction. Further, Cohen argues that the ALJ erred at step 5 when the ALJ determined that, considering Cohen's age, education, work

experience, and residual functioning capacity, there were jobs that exist in significant numbers in the national economy that Cohen can perform pursuant to 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a).

Cohen alleges that the ALJ failed to include in its residual functioning capacity determination the testimony by one of her treating physicians that she had a moderate limitation with respect to satisfying attendance standards. Although the ALJ did find this limitation when making its step 3 determination as to whether Cohen had a per se impairment, the ALJ was not required to also incorporate it in its step 4 determination as to Cohen's residual functioning capacity. *See McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014) (noting that step 4 findings "need only 'afford[] an adequate basis for meaningful judicial review, appl[y] the proper legal standards, and [b]e supported by substantial evidence such that additional analysis would be unnecessary or superfluous[.]" (alterations in original)). Regardless, the ALJ did incorporate Cohen's moderate limitations in satisfying attendance standards into its residual functioning capacity determination. Although the hypothetical posed to the vocational expert did not explicitly reference these limitations, it implicitly accounted for them otherwise.

Further, while Cohen argues the ALJ erred by declining to give "controlling weight" to the opinions of Cohen's treating physicians, the rule requiring such deference is not absolute. The Commissioner retains the discretion to reach a conclusion inconsistent with an opinion of a treating physician where that conclusion is supported by sufficient contradictory evidence. *See Dumas v. Schweiker,* 712 F.2d 1545, 1550 (2d Cir. 1983)*.* In this case, there was sufficient evidence in the record that contradicted the testimony of these physicians, including treatment records that showed improvements with her mental impairments as well as testimony regarding her ability to engage in social activities.

Cohen also objects to the ALJ's decision to decline to credit Cohen's own testimony. At the outset, subjective symptoms are alone insufficient to support a finding of a disability under the act. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(a), 416.929(a); *see also Gallagher v. Schweiker,* 697 F.2d 82, 83-84 (2d Cir. 1983). The Commissioner may also credit or discredit the claimant's testimony based on independent evidence. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). In this case, while Cohen testified that she "had no hobbies" and was unable to use public transportation, there was considerable evidence in the record that she was able to go out with friends, go to the movies, and use public transportation to get to her appointments with her treating physicians. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i).

Finally, Cohen argues the ALJ erred at step 5 by determining there were jobs in the national economy that Cohen could perform. Because Cohen had both exertional and non-exertional limitations, the ALJ followed regular protocol by using the Medical-Vocational Guidelines Rules as a framework for deciding whether there were jobs Cohen could perform. *See* 20 C.F.R. Part 404, Subpart P, App. 2. The ALJ was well within its discretion to credit the testimony of a vocational expert, who after considering Cohen's age, education, work experience, and residual functioning capacity, determined that a number of jobs existed in significant numbers in the national economy, including work as a clerical worker or an assembler, that Cohen could perform. *See* 20 C.F.R. §§ 404.1566(e); 416.966(e); *see also*

3

*Dumas,* 712 F.2d at 1553-54 (noting that the findings of the Commissioner are "conclusive" "if supported by substantial evidence").

   We have considered the remainder of Cohen's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.


   FOR THE COURT:
   Catherine O'Hagan Wolfe, Clerk