17-2948-cv
Anselm v. Commissioner of Social Security

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand eighteen.

PRESENT: DENNIS JACOBS,
         DENNY CHIN,
         RAYMOND J. LOHIER, JR.,
                    **Circuit Judges.**

- - - - - - - - - - - - - - - - - - - -X
Franklyn Anselm,
         **Plaintiff-Appellant,**

         -v.-                                          17-2948-cv

Commissioner of Social Security,
         **Defendant-Appellee.**
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Garry Pogil, Esq., New York, NY.

FOR APPELLEE:               Varuni Nelson, Assistant United
                            States Attorney, on behalf of
                            Richard P. Donoghue, United
                            States Attorney for the Eastern
                            District of New York (Arthur
                            Swerdloff, Candace Scott
                            Appleton, Assistant United
                            States Attorneys, on the brief),
                            Brooklyn, New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Franklyn Anselm appeals from the judgment of the United States District Court for the Eastern District of New York affirming the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 et seq. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

To be disabled under the Act, a claimant must establish an inability to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 20 C.F.R. § 404.1505(a). The Commissioner engages in a five-step process to determine disability status. The claimant must first demonstrate that he is not engaging in substantial gainful activity (step one) and that he has a "severe impairment" that limits his ability to do physical or mental work-related activities (step two). If his impairment meets the criteria of a "per se disabling" impairment as listed in the Act, he is entitled to disability benefits (step three). See 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 404.1525. If not, the Commissioner considers whether the claimant retains the residual functional capacity to return to past relevant work (step four). If the claimant is too impaired to return to past relevant work, the burden shifts to the Commissioner in the fifth and final step to show that jobs exist in significant numbers in the national economy that the impaired claimant could perform. Id. § 404.1520(a)(4)(v).

Anselm, who suffers from obesity, has had cardiovascular problems since his quadruple-bypass surgery in 2007. In November 2007, Anselm applied for disability

2

insurance benefits.  His application was denied, and he requested a hearing before an administrative law judge ("ALJ").  After successive ALJ decisions were vacated by the Appeals Council, Anselm appeared before ALJ Feuer on November 24, 2015.  The ALJ heard Anselm's testimony; consulted the medical source statements and notes of Anselm's treating physicians; and considered testimony and written opinions from a consulting physician, several state agency physicians, and a vocational expert.  Anselm's two treating physicians opined that he was "totally disabled" from working.  S. App'x at 15.

The ALJ's February 10, 2016 decision found Anselm not disabled.  Although Anselm's heart disease and the chronic effects of his bypass surgery were deemed "severe impairments," the ALJ determined that Anselm did not suffer from an impairment comparable in severity to one of the listed impairments under the Act.  See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.  The ALJ further concluded that Anselm retained the residual functional capacity to perform light work with certain limitations, and that the Commissioner had proven that such work existed in significant numbers in the national economy.  See id. § 404.1520(a)(4)(v).

Anselm argues that the "residual functional capacity for light work" ruling inappropriately discounted the opinions of his treating physicians in favor of the assessment of the state agency physician, Dr. Bernanke.  He also contends that the ALJ erred in relying upon the testimony of the vocational expert to sustain the Commissioner's burden to prove the existence of appropriate jobs in the national economy.  The district court found these arguments without merit and upheld the Commissioner's final decision that Anselm was not entitled to disability insurance benefits.  See S. App'x at 6.

Our review of the denial of disability benefits "focus[es] on the administrative ruling rather than the district court's opinion."  Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009).  We review to determine "whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  Zabala v. Astrue, 595 F.3d 402, 408 (2d

3

Cir. 2010).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted).  "In determining whether the agency's findings are supported by substantial evidence, 'the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'"  Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  We "may only set aside a determination which is based upon legal error or not supported by substantial evidence."  Arnone v. Bowen, 882 F.2d 34, 37 (2d Cir. 1989) (internal quotation marks and citation omitted); see also 42 U.S.C. § 405(g).

Anselm argues that the ALJ's disability decision is not supported by substantial evidence because it insufficiently credits the opinions of his treating physicians, Drs. Ajah and Siddiqui (see S. App'x at 14-15), and assigns "great weight" to the opinion of Dr. Bernanke on the question of Anselm's residual functional capacity (id. at 16).

In two medical source statements from December 2007 and January 2010, Dr. Ajah opined that Anselm had remained "totally disabled" since his coronary bypass.  Id. at 14-16.  His March 2015 letter submitted to the ALJ reiterated that Anselm could not perform any full-time work.  Id.  Dr. Siddiqui, who also treated Anselm on multiple occasions, opined in May 2009 that Anselm could not perform even sedentary work.

Ordinarily, the "opinion of a treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence."  Rosa v. Callahan, 168 F.3d 72, 78-79 (2d Cir. 1999); see also Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008); 20 C.F.R. § 404.1527.  However, the ALJ may set aside an opinion of a treating physician that is contradicted by the weight of other record evidence.  Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999); 20 C.F.R. § 404.1527(c)(2); see also Cohen v. Comm'r. of Soc. Sec., 643 F. App'x 51, 53 (2d Cir. 2016) (summary order) (opinion of a treating physician is "not absolute").

4

The ALJ determined that Drs. Ajah and Siddiqui's treatment notes and diagnoses did not support their conclusory opinions. Dr. Ajah's January 4, 2010 source statement noted impairments in lifting, pushing, pulling, walking, climbing, and other physical activities that conflicted with his earlier assessments in 2007 and 2008, and with Anselm's own testimony about his lifestyle and capacity. See S. App'x at 14-15. It also clashed with Dr. Ajah's view throughout 2007-08 that Anselm's post-bypass disability would be temporary, and that he could soon return to work. Id. (citing from Tr. 953). The ALJ likewise found Dr. Siddiqui's opinion from the May 22, 2009 questionnaire at odds with the results of his testing and diagnostics. Anselm's cardiac examinations under Dr. Siddiqui were consistently unremarkable; Anselm's functional capacity was repeatedly characterized as average for his age. Id. at 15 (citing from Tr. 966, 989-91). And the non-treating physicians who analyzed Dr. Siddiqui's examinations cast serious doubt on the scientific validity of Dr. Siddiqui's May 2009 restrictive assessment. Id. at 15-16 (citing from Tr. 242-44, 978-83); see, e.g., Garcia v. Colvin, No. 14-cv-4798, 2015 WL 4603422, at *6 (E.D.N.Y. July 30, 2015) (permitting the non-treating specialist to rebut the treating physician's conclusions on the basis of an independent analysis).

Drs. Ajah and Siddiqui's opinions are further undermined by the conclusions of other medical professionals who reviewed Anselm's file.[1] See Tr. 227

---

[1] The ALJ placed significant weight on the opinion of Dr. Bernanke, a non-examining cardiac specialist. Anselm contends that Dr. Bernanke's opinion is vague and unreliable because during his testimony, he sought clarification on the term "medical equivalence" within the meaning of step three of the sequential analysis. Appellant's Br. at 12. This single colloquy (at Tr. 229) casts no doubt on the qualifications or eligibility of Dr. Bernanke, who is board-eligible in cardiology and has been a medical expert in social security cases for at least 32 years. Anselm, who bears the burden at this stage of the sequential analysis, makes no argument for how Dr.

5

(finding of Dr. Bernanke that Anselm's exercise capacity above the standard minimum limitation for disability), 286–88 (testimony of Dr. Galst that Anselm's coronary surgery was "relatively uneventful" and that he could do sedentary and light work); 823 & 828 (conclusions of state agency medical consultants that Anselm could lift, carry, stand, walk, and sit at functional levels); see also S. App'x at 12 (Anselm had "good exercise tolerance" and an "unremarkable" physical examination).

"[W]e defer to the Commissioner's resolution of conflicting evidence," Cage v. Comm'r of Soc. Sec., 692 F.3d 118, 122 (2d Cir. 2012), and reject the ALJ's findings "only if a reasonable factfinder would *have to conclude otherwise*," Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (emphasis in original). The weighing of the inconsistent opinions was a proper exercise of the ALJ's discretion. See Veino v. Barnhart, 312 F.3d 578, 588-89 (2d Cir. 2002); Mongeur, 722 F.2d at 1038; see also Diaz v. Shalala, 59 F.3d 307, 313 n.5 (2d Cir. 1995) ("[T]he opinions of nonexamining sources [can] override treating sources' opinions provided they are supported by evidence in the record.").

Lastly, Anselm argues that the testimony of the agency's vocational expert, Dr. Taitz, could not support the ALJ's conclusion that jobs existed in significant numbers in the national economy within Anselm's residual functional capacity. Dr. Taitz gave consideration to workplace accommodations, which (under Anselm's uncorroborated interpretation of certain Social Security Rulings) is impermissible. Appellant's Br. at 2-3; see SSR 11-2p, 2011 WL 4055665 (Sept. 12, 2011). This argument, however, fails to address the circumstances of this case and the ALJ's opinion. The challenged accommodations were only proposed by the vocational expert in response to a hypothetical claimant who did not share Anselm's residual functional capacity. See 20 C.F.R. § 404.1546(c). When asked about work corresponding to Anselm's specific residual functional capacity (as determined by the ALJ), the expert testified that appropriate jobs existed in the

Bernanke's conclusions themselves are inconsistent with the medical record or cannot amount to substantial evidence.

national market without accommodations.  Tr. 117–19. Substantial evidence therefore supports the ALJ's determination that Anselm was not impaired from performing all available work.  <u>See</u> 42 U.S.C. § 423(d)(2)(A).

For the foregoing reasons, and finding no merit in Anselm's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7